JOHNS, APPELLEE, *v.* UNIVERSITY OF CINCINNATI MEDICAL ASSOCIATES, INC. ET AL.; HORTON, APPELLANT.

[Cite as *Johns v. Univ. of Cincinnati Med. Assoc., Inc.,* 101 Ohio St.3d 234, 2004-Ohio-824.]

(No. 2002–1560—Submitted September 23, 2003—Decided March 10, 2004.)

---

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} The question before this court is whether the Court of Claims and the courts of common pleas have concurrent jurisdiction to determine whether a state

employee is immune from personal liability under R.C. 9.86. We hold that pursuant to R.C. 2743.02(F), the Court of Claims has exclusive jurisdiction to make an immunity determination, and consequently, the immunity issue may not be reexamined by a court of common pleas.

## II. Procedural History

{¶ 2} Appellant, Robert Horton, D.D.S., is an oral surgeon who was employed with the University of Cincinnati ("University"), a state entity, and University Surgical Dental Associates, Inc., during all times pertinent to this action.

{¶ 3} In 1998, appellee, Janice Johns, underwent a surgical procedure at University Hospital, Inc. ("UHI"). The operation was performed primarily by a third-year resident, under the supervision of Dr. Horton. During the operation, Johns's lingual nerve was damaged, causing permanent injury.

{¶ 4} On May 24, 1999, Johns filed a complaint in the Court of Claims, alleging that UHI, as well as its employees and agents, had been negligent, had failed to obtain her consent regarding who would perform the surgery, and had failed to warn her of all the risks related to the surgery. Johns alleged that UHI's employees and agents were acting within the scope of their employment with the state at the time of the surgery.

{¶ 5} Subsequently, the Attorney General filed a suggestion of a lack of jurisdiction, alleging that UHI was not a state entity and thus the Court of Claims had no jurisdiction over the matter. The Court of Claims granted Johns leave to amend her complaint to name the University as a defendant, which Johns apparently later did, effectively dismissing UHI as a defendant.

{¶ 6} On May 25, 1999, Johns filed a complaint regarding the same surgical procedure in the Hamilton County Court of Common Pleas, alleging that the University,[1] Dr. Horton, and other doctors who had purportedly taken part in the surgery had been negligent, had failed to obtain her consent regarding who would perform the surgery, and had failed to warn her of all the risks of the surgery. Johns alleged that the agents and employees of the University may have been acting within the scope of their employment during the surgery.

{¶ 7} On August 9, 1999, the court of common pleas granted Johns leave to amend her complaint to add UHI as a defendant. And on May 10, 2000, the court granted Johns leave to file a second amended complaint to add claims of fraud and battery.

---

1. Johns's complaint named the University of Cincinnati Medical Associates, Inc., and the University of Cincinnati Medical Center University Oral & Maxillofacial Surgery Associates as defendants. But in their answer to the complaint, these defendants admitted that they were merely agents of the University. Accordingly, we refer to these entities as the University.

{¶ 8} In his answer, Dr. Horton admitted that he was an employee of the University, a state entity, and claimed that he was acting within the scope of his employment at all relevant times and was therefore immune from personal liability. Dr. Horton also asserted that the Court of Claims had exclusive jurisdiction over the matter.

{¶ 9} On March 3, 2000, the Court of Claims held a hearing to determine whether Dr. Horton was immune ("immunity-determination proceedings"). Dr. Horton's attorney was given notice of the immunity-determination proceedings, but neither Dr. Horton nor his attorney appeared. At the immunity-determination hearing, the state and Johns stipulated that Dr. Horton was acting *outside* the scope of his employment with the University in supervising Johns's surgery. The Court of Claims, considering the "totality of the evidence presented at the hearing," determined that Dr. Horton was acting outside the scope of his employment at the time of the surgery, and, therefore, the court of common pleas had jurisdiction over the matter.

{¶ 10} On August 14, 2001, the Hamilton County Court of Common Pleas held, as a matter of law, that Dr. Horton was acting *within* the scope of his employment at the time of Johns's surgery and thus was immune from personal liability pursuant to R.C. 9.86.

{¶ 11} Johns appealed from this judgment to the Court of Appeals for Hamilton County. The court of appeals held that the Court of Claims had exclusive jurisdiction to determine whether a state employee is immune from personal liability under R.C. 9.86. Consequently, the appellate court vacated the common pleas court's determination that Dr. Horton was immune.

{¶ 12} The appellate court also held that although, pursuant to R.C. 2743.02(E), a state employee cannot be a party in the Court of Claims immunity-determination proceedings, the employee "may fully participate" in the proceedings and may appeal from the Court of Claims' decision. The court determined that without this ability to participate, the employee's due process rights and right of access to Ohio courts would be violated.

{¶ 13} The court of appeals held that Dr. Horton had waived his right to participate in the immunity-determination proceedings. Consequently, the court of appeals held that the Court of Claims' determination that Dr. Horton had acted outside the scope of his employment at the time of the surgery was valid and controlling and, thus, Dr. Horton was not immune from personal liability.

### III. Sovereign Immunity

#### A. The State's Liability for Its Employees' Actions

{¶ 14} In 1912, Section 16, Article I of the Ohio Constitution, the open courts provision, was amended, and the following language was added:

{¶ 15} "Suits may be brought against the state, in such courts and in such manner, as may be provided by law." "This provision was 'not self-executing,' and constituted only an authorization for subsequent statutes in which the General Assembly could grant its specific consent to be sued." *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 285, 595 N.E.2d 862, citing *Raudabaugh v. State* (1917), 96 Ohio St. 513, 518, 118 N.E. 102.

{¶ 16} However, in 1975, the "General Assembly enacted legislation [the Court of Claims Act, R.C. Chapter 2743] creating the Court of Claims and specifying the forum and manner in which actions may be brought against the state and its officers and employees." *Id.* at 286, 595 N.E.2d 862. Under the Court of Claims Act, the state "waives its immunity from liability" and "consents to be sued" in the Court of Claims. R.C. 2743.02(A)(1).

{¶ 17} "Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any [state] officer or employee." *Id.* If the employee would have been liable for his or her actions but for the determination that the employee was immune from suit under R.C. 9.86,[2] then the state will be held liable for the employee's actions if a claim is timely filed in the Court of Claims pursuant to R.C. 2743.16. R.C. 2743.02(A)(2).

{¶ 18} However, "if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner," then the waiver is void, the Court of Claims loses jurisdiction over the matter, and the plaintiff may then pursue his or her claim against the employee personally in a court of common pleas. R.C. 2743.02(A)(1).

B. Jurisdiction to Determine Whether a State Employee is Immune

{¶ 19} This court first addressed whether courts of common pleas have jurisdiction to determine whether a state employee is personally immune from liability in *Cooperman v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St.3d 191,

---

2. {¶ a} R.C. 9.86 states:

{¶ b} "Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶ c} "This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law. This section does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743. of the Revised Code."

513 N.E.2d 288. In that case, Cooperman had filed suit against various employees of the Ohio State University Hospitals in the court of common pleas. He alleged that the employees had violated Section 1983, Title 42, U.S.Code by taking actions that were detrimental to his career. Cooperman alleged that the employees had acted outside the scope of their employment and that they were not immune from personal liability pursuant to R.C. 9.86.

{¶ 20} The employees moved to dismiss, asserting that the Court of Claims, not the court of common pleas, had jurisdiction to determine the immunity of state employees. The common pleas court granted the employees' motion to dismiss. The court of appeals reversed that portion of the judgment and held that the common pleas court did have jurisdiction to determine whether a state employee was immune from personal liability. *Cooperman v. Univ. Surgical Assoc., Inc.* (Aug. 26, 1986), 10th Dist. No. 86AP–242, 1986 WL 9524.

{¶ 21} After examining the provisions in R.C. Chapter 2743 and finding no language granting exclusive jurisdiction over the immunity-determination proceedings to the Court of Claims, we affirmed that portion of the appellate court's judgment and held, "A court of common pleas does not lack jurisdiction over an action against state officers or employees merely because the Court of Claims has not first determined that the act or omission, which is the subject of the action, was manifestly outside the scope of the officer's or employee's office or employment, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner * * *." *Cooperman*, 32 Ohio St.3d 191, 513 N.E.2d 288, at paragraph two of the syllabus.

{¶ 22} However, effective October 20, 1987, Sub.H.B. No. 267, 142 Ohio Laws, Part II, 3134, 3136, amended R.C. 2743.02 and added subsection (F), which now provides:

{¶ 23} "A civil action against an officer or employee [of the state] * * * that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has *exclusive*, original jurisdiction to determine, *initially*, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

{¶ 24} "The filing of a claim against [a state] officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code." (Emphasis added.)

{¶ 25} Dr. Horton and amicus curiae, the Attorney General of Ohio, argue that the word "initially" used in R.C. 2743.02(F) suggests that a second determination of immunity can be made in a court of common pleas. We disagree.

{¶ 26} In *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 595 N.E.2d 862, we held that "under the unambiguous terms of R.C. 2743.02, the Court of Claims has *exclusive*, original jurisdiction to determine whether a state employee is entitled to personal immunity under R.C. 9.86." (Emphasis added.) *Conley* at 287, 595 N.E.2d 862. See, also, *State ex rel. Sanquily v. Court of Common Pleas of Lucas Cty.* (1991), 60 Ohio St.3d 78, 80, 573 N.E.2d 606. Exclusive jurisdiction is "[a] court's power to adjudicate an action or class of actions to the exclusion of all other courts." Black's Law Dictionary (7th Ed.1999) 856. Original jurisdiction is "[a] court's power to hear and decide a matter before any other court can review the matter." Id. Therefore, to interpret the word "initially" in R.C. 2743.02(F) to mean that a second determination of immunity can be made by a court of common pleas would nullify the plain language of R.C. 2743.02(F), which bestows "*exclusive jurisdiction*" to determine immunity on the Court of Claims.

{¶ 27} Moreover, the fact that General Assembly added R.C. 2743.02(F) after the court of appeals' decision in *Cooperman*, 10th Dist No. 86AP–242, 1986 WL 9524, which had held that courts of common pleas have jurisdiction to make R.C. 9.86 immunity determinations, reflects that the legislative intent was to supersede that ruling.

{¶ 28} Finally, such an interpretation would defeat one of the major purposes of the Court of Claims Act, which is to "centralize the filing and adjudication of all claims against the state." *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 87, 18 OBR 122, 480 N.E.2d 82.

{¶ 29} The more reasonable interpretation is that "initially" indicates that the Court of Claims must determine immunity before liability can be determined. See *Nichols v. Villarreal* (1996), 113 Ohio App.3d 343, 350, 680 N.E.2d 1259.

{¶ 30} Therefore, we hold that under R.C. 2743.02(F), the Court of Claims is the only court with authority to determine whether a state employee is immune from personal liability under R.C. 9.86.

C. R.C. 2743.02(F) Does Not Violate a State Employee's Constitutional Rights

{¶ 31} R.C. 9.86 provides state employees with immunity from personal liability. However, "[t]he only defendant in the original actions in the court of claims is the state. The state may file a third-party complaint or counterclaim in any civil action, except a civil action for two thousand five hundred dollars or less, that is filed in the court of claims." R.C. 2743.02(E). This limitation, coupled with our conclusion that the Court of Claims is the only court with authority to

determine whether a state employee is immune, in effect, precludes a state employee from being a party to the immunity-determination proceedings.

{¶ 32} The appellate court in this case held that precluding a state employee from participating in the immunity-determination proceedings encroaches upon the employee's procedural due process rights and impedes the employee's access to the courts. It then fashioned a remedy by holding that a state employee has a right to participate.

{¶ 33} We hold that excluding a state employee from the immunity-determination proceedings does not violate any constitutional rights; moreover, the appellate court had no authority to hold that state employees may participate in the Court of Claims immunity-determination proceedings.

{¶ 34} Due process of law "assures to every person his day in court." *Price v. Marathon Oil Co.* (Jan. 14, 1986), 3d Dist. No. 5–84–4, 1986 WL 807, * 7. It requires "[s]ome legal procedure in which the person proceeded against if he is to be concluded thereby, shall have an opportunity to defend himself." *State ex rel. Hoel v. Brown* (1922), 105 Ohio St. 479, 486, 138 N.E. 230. Section 16, Article I of the Ohio Constitution, the open-courts provision, makes similar assurances. However, litigants are not assured any particular process. Moreover, "[a]n enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus.

{¶ 35} In addition, "the state Constitution is primarily a limitation on legislative power of the General Assembly; therefore, the General Assembly may pass any law unless it is specifically prohibited by the state or federal Constitutions." *State v. Warner* (1990), 55 Ohio St.3d 31, 43, 564 N.E.2d 18, citing *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 162, 38 O.O.2d 404, 224 N.E.2d 906.

{¶ 36} The Court of Claims Act is a statutory scheme enacted pursuant to the authority of the 1912 amendment of the open-courts provision, which abolished governmental immunity. *Krause v. State* (1972), 31 Ohio St.2d 132, 60 O.O.2d 100, 285 N.E.2d 736, at paragraph two of the syllabus. Pursuant to its legislative authority, as well as the specific authority vested in it from the amendment to the open-courts provision, the General Assembly had the authority to enact the Court of Claims Act, including the provision excluding state employees from participating in the immunity-determination proceedings.

{¶ 37} State employees have no constitutional right to the defense of immunity. The defense of immunity enjoyed by today's state employees is statutory. Therefore, as with any other statutory defense, the General Assembly may define

how immunity is determined and when it is available. If the immunity-determination proceedings were an employee's only opportunity to defend against a plaintiff's allegations, then excluding him or her from this process would raise constitutional concerns. That is not the situation; a determination of immunity is not a determination of liability. Rather, it is an initial step in litigation to determine whether the state will be liable for any damages caused its employee's actions. If the Court of Claims determines that that the employee is immune from personal liability, then the state has agreed to accept liability for that employee's actions.

{¶ 38} Conversely, if the Court of Claims determines that the employee is not immune, then the employee will be subject to personal liability in the court of common pleas.[3] There the employee, the same as any other civil defendant, has the opportunity to raise all defenses pertinent to plaintiff's allegations. *Conley,* 64 Ohio St.3d at 292, 595 N.E.2d 862.

{¶ 39} Because a state employee ultimately has his or her day in court to defend against the plaintiff's allegations, excluding a state employee from the immunity-determination proceedings does not impede a state employee's due process rights or access to the courts.[4] Accordingly, we hold that R.C. 2743.02(F) is not unconstitutional.

---

3. Even if a state employee is denied an opportunity to argue that he or she is immune and is thus subject to personal liability in common pleas court, he or she enjoys no less protection than a privately employed employee enjoys under the common law. This is because even though a private employer may be liable for injuries caused by its employee's actions pursuant to the doctrine of respondeat superior, the private employer has a right of indemnity against its employee for any amount that the employer pays the injured party. *Wells v. Spirit Fabricating, Ltd.* (1996), 113 Ohio App.3d 282, 680 N.E.2d 1046.

4. {¶ a} While excluding state employees from participating in the immunity-determination proceedings does not violate constitutional protections, we suggest that the General Assembly consider amending R.C. 2743.02 to *permit* state employees to participate.

{¶ b} Amicus curiae, the Ohio Attorney General, points out that excluding state employees from immunity-determination proceedings relieves the employees of the burden of participating in the initial stages of litigation. Nevertheless, there may be some employees who prefer to advocate their own position regarding immunity.

{¶ c} Moreover, employee participation would help ensure the integrity of the immunity determination. Without participation of the employee in the hearing, it would be easier for the plaintiff to argue that an employee acted beyond the scope of his or her employment so as to shift liability to the employee personally in order to reach his or her personal insurance coverage or to permit the plaintiff to present the case to a jury, as opposed to a judge.

{¶ d} In this case, Johns and the state stipulated that Dr. Horton was outside the scope of his employment at the time of the surgery and the Court of Claims accepted that stipulation. Yet, a separate tribunal found that Dr. Horton was within the scope of his employment. While no evidence of collusion has been presented in this case, these conflicting findings highlight the value of permitting employee participation.

### IV. Conclusion

{¶ 40} We hold that, pursuant to R.C. 2743.02(F), the Court of Claims has exclusive jurisdiction to determine whether a state employee is immune from liability under R.C. 9.86. Therefore, courts of common pleas do not have jurisdiction to make R.C. 9.86 immunity determinations.

{¶ 41} Furthermore, we hold that excluding a state employee from participating in the immunity-determination proceedings does not violate his or her due process rights or deny him or her access to Ohio's courts.

{¶ 42} Accordingly, we affirm in part and reverse in part the judgment of the court of appeals and remand this cause to the court of common pleas for a trial on the merits regarding Dr. Horton's personal liability.

> Judgment reversed in part,
> affirmed in part
> and cause remanded.

MOYER, C.J., F.E. SWEENEY, PFEIFER, O'CONNOR and O'DONNELL, JJ., concur.

RESNICK, J., concurs in judgment only.

———————

Lamkin, Van Eman, Trimble, Beals & Dougherty and Timothy L. Van Eman, for appellee.

Freund, Freeze & Arnold, L.P.A., and Mark A. MacDonald, for appellant.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, Michael R. Gladman and Elizabeth Luper Schuster, Assistant Solicitors, urging reversal for amicus curiae Attorney General of Ohio.