OPINION
{¶ 1} Plaintiffs-appellants, Melinda F. Gerschutz ("Gerschutz") and her husband Joseph Gerschutz, and defendant-appellant, Medical College of Ohio Hospital ("MCO"), appeal from a judgment of the Court of Claims of Ohio finding Bashar Kahaleh, M.D. ("Dr. Kahaleh") and Henry Goitz, M.D. ("Dr. Goitz") immune from civil liability under R.C. 9.86. Because state employees are precluded from participating in immunity-determination proceedings as if they were parties, we reverse and remand.
 {¶ 2} Dr. Kahaleh is a rheumatologist who teaches medicine at MCO. Gerschutz was referred to Dr. Kahaleh in March 2001 for treatment of her rheumatoid arthritis. In October 2001, Gerschutz fell at her home when her knee gave out. Gerschutz called Dr. Kahaleh and he advised her to come in and see him immediately. Dr. Kahaleh diagnosed the pain in Gerschutz's hip as bursitis and gave her steroid injections. Subsequently, Dr. Kahaleh referred Gerschutz to Dr. Goitz for treatment of her knee. Dr. Goitz was an orthopedist and also a teaching physician at MCO. Although both Dr. Kahaleh and Dr. Goitz are MCO faculty members, they conduct their practice at MCO through a private, for-profit practice corporation. Dr. Goitz evaluated Gerschutz and ultimately sent her to see two different physical therapists. After several months of therapy, Gerschutz sought a second opinion. Gerschutz's new physician determined her hip was broken. In September 2002, Gerschutz received a hip replacement.
 {¶ 3} Gerschutz filed a medical malpractice suit in the Court of Claims of Ohio against MCO and Drs. Kahaleh and Goitz. The trial court dismissed the doctors as parties under R.C. 2743.02(E). MCO filed an answer denying that the doctors were within the scope of their employment while treating Gerschutz. On November 21, 2003, the trial court held a status conference to discuss immunity issues. As a result of this status conference, the court ordered an evidentiary hearing to determine whether Drs. Kahaleh and Goitz were immune from civil liability. The trial court also stated in its order that both doctors could participate in this hearing either with counsel or pro se.
 {¶ 4} The trial court held an evidentiary hearing on February 19, 2004. In preparation for the hearing, the doctors' attorneys submitted briefs and obtained depositions and affidavits of witnesses. During the hearing, the doctors' attorneys were permitted to present testimony and exhibits and to cross-examine witnesses as if the doctors were parties. As a result of the hearing, the Court of Claims ruled the doctors were within the scope of their employment and were entitled to immunity under R.C. 9.86. Both Gerschutz and MCO appealed from this decision. On appeal, MCO assigns the following errors:
[1.] The Court of Claims erred when it allowed the non-party physicians to participate in the immunity proceedings by allowing them to present testimony, cross-examine witnesses, enter exhibits into the record, and submit briefs.
[2.] The Court of Claims erred in finding that Bashar Kahaleh, M.D. and Henry Goitz, M.D. are entitled to personal immunity under R.C. 9.86.
Additionally, Gerschutz assigns the following errors:
[1.] The Court erred in holding that Appellant made no assertion that physicians Kahaleh and Goitz, M.D. acted in a wanton or reckless manner.
[2.] The Court of Claims erred when it found Physicians Henry Goitz, M.D and Bashir [sic] Kahaleh, M.D. immune from liability because they were acting within the scope of their employment with Medical College of Ohio when treating Appellant Melinda Gerschutz.
 {¶ 5} In its first assignment of error, MCO argues that the trial court erred when it, in effect, allowed the doctors to participate in the immunity hearing as parties. We agree. In Johns v. Univ. of CincinnatiMed. Assoc., Inc., 101 Ohio St.3d 234, 2004-Ohio-824, at ¶ 31, the Supreme Court of Ohio held that the Court of Claims is the only court that can decide if a state employee is entitled to civil immunity. In so ruling, the court relied upon R.C. 2743.02(E) and reasoned that because "the only defendant in original actions in the Court of Claims is the state," the only way another party may be joined in the action is if the state files a third-party complaint or counterclaim. Id. This limitation, coupled with the fact that the Court of Claims is the only court with authority to determine whether a state employee is immune, in effect, precludes a state employee from being a party to the immunity-determination proceedings. Id. The court in Johns further noted that an "appellate court had no authority to hold that state employees may participate in the Court of Claims immunity-determination proceedings." Id. at ¶ 33.
 {¶ 6} The Supreme Court of Ohio reaffirmed this principle in Theobaldv. Univ. of Cincinnati, 101 Ohio St.3d 370, 2004-Ohio-1527, at ¶ 6, specifically stating:
Pursuant to our holding in Johns v. Univ. of Cincinnati Med. Assoc.,Inc., supra, a state employee has no right to participate in the immunity determination proceedings before the Court of Claims or to appeal that determination.
 {¶ 7} Here, the Court of Claims, in effect, allowed Drs. Kahaleh and Goitz, through their counsel, to participate in the immunity-determination hearing as parties. Their counsel presented evidence through direct and cross-examination of witnesses, introduced exhibits into evidence, and submitted briefs. Based upon Johns andTheobald, the Court of Claims erred by permitting such participation. Therefore, we sustain MCO's first assignment of error.
 {¶ 8} Because MCO's first assignment of error is dispositive of this case, MCO's remaining assignment of error is moot. Additionally, Gerschutz's assignments of error are moot.
 {¶ 9} For the foregoing reasons, we sustain MCO's the first assignment of error, rendering the remaining assignments of error moot. Further, we reverse the judgment of the Court of Claims of Ohio and remand this case for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
Brown, P.J., and Lazarus, J., concur.