**FORTUNA, Exr., Appellant,**

v.

**OHIO STATE UNIVERSITY HOSPITALS, Appellee.**

[Cite as *Fortuna v. Ohio State Univ. Hosps.*, 164 Ohio App.3d 263, 2005-Ohio-5647.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–832.

Decided Oct. 25, 2005.

264

Raymond deLevie, J.D., M.D. Co., L.P.A., and Raymond deLevie, for appellant.

Jim Petro, Attorney General, and Karl W. Schedler, Assistant Attorney General, for appellee.

Arnold, Todaro & Welch Co., L.P.A., and Maryellen C. Spirito, Gayle E. Arnold, Karen L. Clouse, and Kevin Popham, for amicus curiae, Larry Martin, M.D.

PETREE, Judge.

{¶ 1} Plaintiff-appellant, Vicki Fortuna, individually and as executor of the estate of Stephen J. Fortuna, appeals from a judgment of the Court of Claims of Ohio, finding Dr. Larry C. Martin to be entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F). For the following reasons, we reverse the judgment of the Court of Claims and remand this matter to that court.

{¶ 2} On June 12, 2001, plaintiff filed, in the Court of Claims of Ohio, a medical malpractice action against the Ohio State University Hospitals ("OSUH"). An amended complaint was filed on July 5, 2001. Plaintiff filed a companion case in the Franklin County Court of Common Pleas against multiple defendants, including Larry Martin, M.D. Following a status conference, the Court of Claims filed an entry on August 24, 2001, stating, "No immunity issues exist at this time." In that entry, the Court of Claims stayed the action, pending the final disposition of the connected action. As indicated by subsequent entries filed by the Court of Claims, additional status conferences were held in the Court of Claims to discuss the status of the connected action. In those entries, there is no mention of the issue of immunity.

{¶ 3} On October 3, 2003, Dr. Martin moved the Court of Claims to hold an evidentiary hearing to determine whether he is entitled to immunity pursuant to R.C. 9.86 and 2743.02(F). The record does not reveal any objection to this motion. On October 28, 2003, the Court of Claims granted Dr. Martin's motion and scheduled an immunity-determination hearing. Additionally, the October 28, 2003 entry states, "Dr. Martin may participate in the *January 15, 2004,* evidentiary hearing either with counsel or pro se, if he so desires." (Emphasis sic.)

{¶ 4} On January 15 and February 4, 2004, the Court of Claims held an evidentiary hearing to determine whether Dr. Martin is entitled to immunity pursuant to R.C. 9.86 and 2743.02(F). Dr. Martin's counsel participated in the proceedings. That participation included conducting a direct examination of Dr. Martin and making closing arguments at the hearing, as well as filing a brief in support of a finding of immunity. On March 10, 2004, the Supreme Court of Ohio issued its decision in *Johns v. Univ. of Cincinnati Med. Assoc., Inc.*, 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19. In *Johns,* the court stated that a state employee has no right to participate in the immunity-determination proceedings before the Court of Claims.

{¶ 5} On March 24, 2004, plaintiff moved the Court of Claims for a determination that Dr. Martin is not entitled to immunity based on *Johns.* In plaintiff's motion, she argued that the issue of immunity had already been considered by the court, that the court lacked authority to hold an immunity hearing at Dr. Martin's request, and that Dr. Martin had not timely raised the immunity issue. Plaintiff also argued, at least implicitly, that the Court of Claims had erroneously permitted Dr. Martin to participate in the immunity-determination hearing, in violation of *Johns.* On June 18, 2004, the Court of Claims denied plaintiff's March 24, 2004 motion. On June 23, 2004, plaintiff filed a motion for reconsideration of the court's denial of her March 24, 2004 motion.

{¶ 6} On July 16, 2004, the Court of Claims rendered a decision and judgment entry. The Court of Claims found that Dr. Martin had acted within the scope of his employment with defendant at all times relevant to the action and that he had not acted with malicious purpose, in bad faith, or in a wanton or reckless manner toward Mr. Fortuna. The Court of Claims stated:

The court is persuaded for the following reasons that Dr. Martin was acting within the scope of his university employment when rendering the care and treatment in question. Dr. Martin first met Fortuna in the SICU while on rotation. Dr. Martin's rounds in the SICU involved supervising and teaching medical residents. Even though a private practice group billed plaintiff for Dr. Martin's treatment, the court finds that Fortuna was not specifically referred to him for care in the SICU; hence, Fortuna was not a private patient of Dr. Martin.

{¶ 7} The court accordingly determined that Dr. Martin is entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F). The court noted that the courts of common pleas do not have jurisdiction over civil actions against Dr. Martin based upon the allegations in this case. In the July 16, 2004 decision, the court denied plaintiff's June 23, 2004 motion for reconsideration.

{¶ 8} Plaintiff appeals to this court from this judgment and has asserted the following six assignments of error:

### Assignment of Error No. 1

By its Entries dated October 28, 2003 and June 18, 2004, the Court of Claims acted outside of its limited jurisdiction and authority in granting Dr. Martin's motion of October 3, 2003, to intervene and for an immunity hearing under R.C. 2743.02(F).

### Assignment of Error No. 2

By its Decision dated July 16, 2004, the Court of Claims acted outside of its limited jurisdiction and authority by granting Dr. Martin immunity in a proceeding in which he participated contrary to *Johns v. Univ. of Cincinnati Med. Assoc., Inc.,* 101 Ohio St.3d 234 [2004-Ohio-824, 804 N.E.2d 19].

### Assignment of Error No. 3

The Decision of the Court of Claims, dated July 16, 2004, is in error as a matter of law under *Nease v. Med. College Hosp.* (1992), 64 Ohio St.3d 396 [596 N.E.2d 432], because (1) it is based on a liability-nullifying standard rejected in *Lownsbury v. Van Buren* (2002), 94 Ohio St.3d 231 [762 N.E.2d 354], (2) it incorrectly applied the facts to the law on immunity, and (3) its finding as to "non-referral" is unsupported by credible evidence.

### Assignment of Error No. 4

During the immunity-determination proceeding on January 15, 2004, the Court of Claims committed prejudicial error (Hearing, Tr. 94) by not allowing Plaintiff–Appellant to ask Dr. Martin about differences between his care of the patient in the *Verhoff* case [125 Ohio Misc.2d 30, 2003-Ohio-4795, 797 N.E.2d 592] and the case at bar.

### Assignment of Error No. 5

The Decision of the Court of Claims dated July 16, 2004, granting Dr. Martin immunity is in error, as a matter of law, because it [is] contrary to, and because the Court ignored the Bylaws and Medical Staff Rules of the Ohio State University (OSU) Hospitals, the physician's employment contracts, and the OSU Practice Plan mandated by the Board of Trustees and approved by the Attorney General in OAG Opinion 86–046.

### Assignment of Error No. 6

During the proceeding on January 15, 2004, the Court of Claims committed prejudicial error (Hearing, Tr. 99; Offer of proof, Tr. 144) in not allowing Plaintiff–Appellant to question Dr. Martin about the patient's critical condition, denying Plaintiff–Appellant an opportunity to demonstrate "reckless" conduct

and absence of immunity based on *Newton v. Ohio Univ. School of Osteopathic Medicine* (1993), 91 Ohio App.3d 703, 633 N.E.2d 593.

{¶ 9} Preliminarily, we note that although plaintiff sets forth six assignments of error, her discussion proceeds under five propositions of law. These propositions of law correspond to particular assignments of error.

{¶ 10} In her first assignment of error, plaintiff argues that the Court of Claims erred in granting Dr. Martin's motion to intervene and for an immunity hearing. Under this assignment of error, plaintiff argues that the Court of Claims erroneously revisited the immunity issue after jurisdiction had been determined. In support of her argument, plaintiff cites R.C. 2743.02(A)(1) and 2743.02(F). R.C. 2743.02(F) provides as follows:

A civil action against an officer or employee * * * shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

{¶ 11} Under R.C. 2743.02(A)(1), the filing of a civil action in the Court of Claims results in a waiver of any cause of action based on the same act or omission that the party has against any officer or employee. The waiver is void if the Court of Claims determines that the act or omission was manifestly outside the scope of the officer or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. R.C. 2743.02(A)(1).

{¶ 12} Plaintiff argues that pursuant to R.C. 2743.02(A)(1) and 2743.02(F), once the Court of Claims makes an initial determination regarding immunity, then jurisdiction vests in the common pleas court. (Plaintiff's initial brief, at 14, citing *Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131, 133, 566 N.E.2d 655.) Plaintiff further argues that once jurisdiction vests in the common pleas court, then the Court of Claims lacks jurisdiction to hold a hearing on the issue of immunity. Applying this reasoning to this case, plaintiff contends, at least implicitly, that the Court of Claims' August 24, 2001 entry, which stated that "[n]o immunity issues exist at this time," constituted the court's initial determination as to immunity, and, therefore, the Court of Claims lacked jurisdiction to later hold a hearing on the issue of immunity.

{¶ 13} Plaintiff is correct to the extent that she argues that the Court of Claims' determination regarding immunity is relevant to both R.C. 2743.02(A)(1) and (F). However, plaintiff's argument to the contrary, the Court of Claims' statement that no immunity issues existed at the time of the August 24, 2001 entry was not an initial determination of whether Dr. Martin is entitled to

immunity. The Court of Claims did not determine the immunity issue until July 16, 2004. By its July 16, 2004 decision, the Court of Claims determined Dr. Martin to be immune from liability and also determined that the courts of common pleas do not have jurisdiction over the matter. Furthermore, the delay in the raising of the immunity issue did not somehow divest the Court of Claims of jurisdiction to determine whether Dr. Martin is entitled to immunity. Additionally, although it was error for the Court of Claims to grant Dr. Martin's motion for an immunity hearing, the court was not precluded from, sua sponte, holding such a hearing.

{¶ 14} For the foregoing reasons, plaintiff's first assignment of error is overruled.

{¶ 15} By her second assignment of error, plaintiff argues that the Court of Claims erred in granting Dr. Martin immunity in a proceeding in which he participated. The Supreme Court of Ohio, in *Theobald v. Univ. of Cincinnati,* 101 Ohio St.3d 370, 2004-Ohio-1527, 805 N.E.2d 1084, at ¶ 6, stated, "Pursuant to our holding in *Johns v. Univ. of Cincinnati Med. Assoc., Inc.,* supra, a state employee has no right to participate in the immunity determination proceedings before the Court of Claims or to appeal that determination." In *Johns,* the court noted that "the appellate court had no authority to hold that state employees may participate in the Court of Claims immunity-determination proceedings." Id. at ¶ 33. The *Johns* court held that "excluding a state employee from participating in the immunity-determination proceedings does not violate his or her due process rights or deny him or her access to Ohio's courts." Id. at ¶ 41.

{¶ 16} In *Gerschutz v. Med. College of Ohio Hosp.,* Franklin App. No. 04AP–794, 2005-Ohio-1158, 2005 WL 615653, this court stated that it is error for the Court of Claims to permit participation of state employees, as if they are parties, in immunity-determination proceedings. In *Gerschutz,* the doctors' counsel "presented evidence through direct and cross-examination of witnesses, introduced exhibits into evidence, and submitted briefs." Id. at ¶ 7. This court found the allowance of this participation to be erroneous under *Johns* and *Theobald.*

{¶ 17} The *Johns* court, in a footnote, suggested that the General Assembly consider amending R.C. 2743.02 to permit state employees to participate in the immunity-determination proceedings. *Johns,* at ¶ 39, fn. 4. The court stated that "employee participation would help ensure the integrity of the immunity determination." Id. The court further noted in footnote 4:

Without participation of the employee in the hearing, it would be easier for the plaintiff to argue that an employee acted beyond the scope of his or her employment so as to shift liability to the employee personally in order to reach

his or her personal insurance coverage or to permit the plaintiff to present the case to a jury, as opposed to a judge.

{¶ 18} Effective November 3, 2005, R.C. 2743.02(F) will be amended to permit an officer or employee to participate in an immunity-determination proceeding concerning that officer or employee. See Sub.H.B. No. 25 (amending R.C. 2743.02(F) to state, "The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code"). We note that the amendment lacks language expressing an intent that the statute be retroactive. Under *Johns* and *Theobald*, the version of R.C. 2743.02 in effect when plaintiff filed his actions does not permit state employee participation.

{¶ 19} At the immunity-determination hearing in this case, Dr. Martin's counsel presented evidence through his direct examination of Dr. Martin, introduced exhibits into evidence, and argued for Dr. Martin's immunity. Dr. Martin's counsel also submitted a brief in support of immunity. In consideration of the facts in this case and this court's decision in *Gerschutz*, we conclude that Dr. Martin's involvement in the proceedings constituted "participation" under *Johns* and *Theobald*. Thus, the Court of Claims erred in permitting Dr. Martin to participate, as if he were a party, in the immunity-determination proceedings.

{¶ 20} OSUH argues that "[n]o purpose would be served at this point to remand the case for a hearing in which Dr. Martin could not participate as he did in this hearing. The evidence would be substantially the same, and presumably the result would be identical." Essentially, OSUH argues that if there was error, then it was harmless.

{¶ 21} Pursuant to Civ.R. 61, this court must disregard any error that does not affect a substantial right of the complaining party. Civ.R. 61 provides:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

{¶ 22} In order to determine whether an error affected a substantial right of a party, the reviewing court must weigh the prejudicial effect of the error and decide whether the fact finder would probably have reached the same decision but for the error taking place. *Hallworth v. Republic Steel Corp.* (1950), 153

Ohio St. 349, 41 O.O. 341, 91 N.E.2d 690, paragraph three of the syllabus. Therefore, in the case at bar, we must determine whether the trial court's error in permitting Dr. Martin to participate in the immunity-determination process was harmless error.

{¶ 23} Considering the ultimate factual issue in dispute at the hearing, we find that Dr. Martin's counsel was permitted to present substantively significant evidence at the immunity-determination hearing. For example, as stated above, at the immunity-determination hearing, Dr. Martin's counsel was permitted to present evidence through the direct examination of Dr. Martin. In that examination, Dr. Martin's counsel asked him questions regarding his involvement with Mr. Fortuna's care and his role as an attending physician supervising and teaching residents. Dr. Martin's responses provided support for the factual determination that he was acting within the scope of his employment with the state. Moreover, Dr. Martin's counsel also advocated a finding of immunity by filing briefs with the court and presenting closing arguments at the hearing. We conclude that Dr. Martin's participation, as if he were a party, was not harmless error.

{¶ 24} Based on the foregoing, we sustain plaintiff's second assignment of error.

{¶ 25} Plaintiff's third, fourth, fifth, and sixth assignments of error are rendered moot by our resolution of plaintiff's second assignment of error.

{¶ 26} Based on the foregoing, we overrule plaintiff's first assignment of error and sustain her second assignment of error. Our resolution of plaintiff's second assignment of error moots her third, fourth, fifth, and sixth assignments of error. Accordingly, the judgment of the Court of Claims of Ohio is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.

Judgment reversed
and cause remanded.

FRENCH and McGRATH, JJ., concur.