OPINION
{¶ 1} William M. Hoover appeals from the trial court's entry of summary judgment against him on a portion of his complaint seeking recovery for injuries he suffered in an automobile accident.
 {¶ 2} In his sole assignment of error, Mr. Hoover contends the trial court erred in finding that collateral estoppel precluded him from obtaining compensation for a "cognitive/amnestic disorder" allegedly caused by the accident. In particular, Mr. Hoover insists that a workers' compensation lawsuit he pursued after the accident should have no collateral estoppel effect on the present action because there is no mutuality of parties and the prior suit involved different issues.
 {¶ 3} Upon review, we conclude that mutuality of parties was not required in this case, and application of collateral estoppel was proper under a relaxed standard that has been applied by Ohio courts. We also find that the trial court correctly identified an issue in the present case (namely whether the automobile accident proximately caused Mr. Hoover's cognitive/amnestic disorder) that was fully and fairly litigated in the prior workers' compensation action. Accordingly, we will affirm the judgment of the trial court.
 I. {¶ 4} The record reflects that Mr. Hoover was injured while riding in a car driven by his son, appellee Robert Hoover. According to Mr. Hoover's complaint, the accident occurred when Robert Hoover negligently failed to yield the right of way to another vehicle. Prior to commencing the present litigation, Mr. Hoover sought workers' compensation benefits for his injuries on the basis that the accident occurred in the course and scope of his employment with Prudential Securities, Inc. After proceeding through the administrative appeals process, Mr. Hoover pursued his workers' compensation claim in the Greene County Common Pleas Court. The defendants in the workers' compensation case were Mr. Hoover's employer, Prudential Securities, Inc., and the Ohio Bureau of Workers' Compensation. As part of his workers' compensation claim, Mr. Hoover asserted that physical injuries he sustained in the car accident had caused a "cognitive/amnestic disorder."
 {¶ 5} While the workers' compensation case was pending, Mr. Hoover also commenced the present action by filing a three-count complaint against Robert Hoover, Progressive Preferred Insurance Company, and CNA Insurance Company. Count one set forth a negligence claim against Robert Hoover. Count two sought underinsured motorist coverage from Progressive Preferred under Mr. Hoover's personal automobile insurance policy. Count three sought underinsured motorist coverage from CNA Insurance Company under commercial auto and general liability policies issued to Mr. Hoover's closely held corporation, Hoover Financial Services. By agreement of the parties, Transcontinental Insurance Company subsequently was substituted as the proper party in place of CNA Insurance Company.
 {¶ 6} In December, 2001, the workers' compensation case proceeded to trial before a jury, which concluded that Mr. Hoover was injured in the course and scope of his employment and that he received physical injuries, including a cerebral concussion and a cervical strain. The jury also found, however, that Mr. Hoover did not suffer from the psychological condition of cognitive amnestic disorder as a proximate result of his injuries. Following the jury's verdict in the workers' compensation case, the appellees in the present action moved for partial summary judgment, seeking a ruling that res judicata and collateral estoppel precluded Mr. Hoover from litigating whether the automobile accident caused the psychological condition of cognitive/amnestic disorder. In a July 30, 2002, decision, the trial court sustained the appellees' motion, finding that collateral estoppel barred litigation of the foregoing issue. The other aspects of the present case then proceeded to arbitration, and the trial court reduced an arbitration award to final judgment. This timely appeal followed.
 II. {¶ 7} In his lone assignment of error, Mr. Hoover contends the trial court erred in applying collateral estoppel to preclude him from litigating the issue of whether the automobile accident proximately caused a psychological condition of cognitive/amnestic disorder. In support, Mr. Hoover first asserts that collateral estoppel does not apply because Robert Hoover, Transcontinental Insurance Company, and Progressive Preferred Insurance Company were not parties to the prior workers' compensation action. This argument implicates the concept of mutuality. As Mr. Hoover properly notes, "[i]n Ohio, the general rule is that mutuality of parties is a requisite to collateral estoppel, or issue preclusion. As a general principle, collateral estoppel operates only where all of the parties to the present proceedings were bound by the prior judgment. A judgment, in order to preclude either party from relitigating an issue, must be preclusive upon both." Goodson v.McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193 at paragraph one of the syllabus.
 {¶ 8} Under the foregoing general rule, Mr. Hoover's workers' compensation action undoubtedly would have no collateral estoppel effect on the present litigation because the defendants in this case were not parties to the workers' compensation action and were not bound by the judgment in that case. The crucial issue is whether an exception to the general rule allowed the trial court to apply collateral estoppel absent mutuality of parties. In Goodson, supra, the Ohio Supreme Court acknowledged that there may be exceptions to the general requirement of mutuality. In particular, the Goodson court cited Hicks v. De La Cruz
(1977), 52 Ohio St.2d 71, as an example of its willingness to "relax" the mutuality requirement "where justice would reasonably require it."Goodson, supra, at 199.
 {¶ 9} In Hicks, a negligence action, the city of Cincinnati sought to argue that it had immunity from liability because the Cincinnati General Hospital was a state-owned facility. On review, the Ohio Supreme Court noted that the city had taken the opposition position in an earlier case, Sears v. Cincinnati (1972), 31 Ohio St.2d 157, wherein the city had argued, and a court had found, that it owned, operated, and controlled the hospital. In light of Sears, the Hicks court concluded that collateral estoppel precluded the city from re-litigating its ownership of the hospital even without mutuality of parties. In support of its decision, the Hicks court reasoned, in part:
 {¶ 10} "The modern view of res judicata embraces the doctrine of collateral estoppel, which basically states that if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. A party precluded under this principle fromrelitigating an issue with an opposing party likewise is precluded fromdoing so with another person unless he lacked a full and fair opportunityto litigate that issue in the first action, or unless other circumstancesjustify according him an opportunity to relitigate that issue." Hicks,
supra, at 74 (emphasis added).
 {¶ 11} In Goodson, the Ohio Supreme Court rejected an argument thatHicks constituted an abandonment of the requirement of mutuality. Rather, the Goodson court read Hicks as creating a narrow exception to the mutuality rule, explaining:
 {¶ 12} "This court in effect was stating in Hicks that under those facts where it was shown that the party defendant clearly had his day in court on the specific issue brought into litigation within the later proceeding, the non-party plaintiff could rely upon the doctrine of collateral estoppel to preclude the re-litigation of that specific issue. We believe this exception to the principle of mutuality to be a proper) one.
 {¶ 13} "* * *
 {¶ 14} "The main lel thread which runs throughout the determination of the applicability of res judicata, inclusive of the adjunct principle of collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be `heard' in the due process sense. Accordingly, an absolute due process prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action. * * *" Goodson, supra, at 200-201.
 {¶ 15} In the years after Goodson, courts have expressed some uncertainty and disagreement regarding the scope of the mutuality exception discussed above. See, e.g., McAdoo v. Dallas Corp. (6th Cir. 1991), 932 F.2d 522, 525 (noting that "Ohio law with regard to the use of defensive collateral estoppel is not clear, especially in the wake ofGoodson's general rule and its equally abstract provision for exceptions"); Freeman v. Holzer Medical Center (March 27, 1992), Galia App. No. 91 CA 8 ("[C]ourts and commentators alike have suggested that it is not entirely clear the extent to which the mutuality rule will be relaxed following the Goodson decision."). In Marcum v. Newbauer (March 17, 1988), Montgomery App. No. 10630, this court interpreted the mutuality exception "as being limited to the rather extraordinary fact pattern in [Hicks], in which a litigant who had claimed the benefit of a set of facts in an earlier litigation was then seeking, in a subsequent litigation, to establish a contrary set of facts." A review of Ohio case law indicates, however, that no other appellate district has interpreted the exception so narrowly. Among the other appellate districts to have addressed the issue, the apparent consensus is that Hicks and Goodson in essence eliminate the mutuality requirement if the party against whom collateral estoppel is asserted has had his day in court in a prior action and, in that forum, was permitted to fully and fairly litigate the specific issue raised in a later proceeding. In McCrory v. Children'sHospital (1986), 28 Ohio App.3d 49, 53, a Tenth District case, then-judge Thomas Moyer reached precisely this conclusion, relying on the language from Goodson quoted above. In addition to the Tenth District, at least seven other appellate districts (the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Twelfth Districts) have interpreted Goodson as providing an exception to the requirement of mutuality when the party against whom a prior judgment is asserted had his day in court and there was permitted to fully litigate the specific issue raised in a later proceeding. See Keck v. Masters (Dec. 31, 1996), Hamilton App. No. C-940967; Blackburn v. Springer (March 22, 1994), Scioto App. No. 93CA2161; Staats v. Motorists Mut. Ins. Co. (Aug. 17, 1987), Stark App. No. CA-7142; Wilson v. Britz Zemmelman (Jan. 10, 1992), Lucas App. No. L-91-031; Home Ins. Co. v. Gordon (Aug. 20, 1987), Cuyahoga App. No. 52100; Michaels Building Supply Co. v. City of Akron (Nov. 25, 1987), Summit App. No. 13061; Balboa Ins. Co. v. S.S.D. Distribution Sys., Inc.
(Feb. 26, 1996), Butler App. No. CA95-09-152. Similarly, in McAdoo,
supra, the Sixth Circuit did not read Ohio law, post-Goodson, "as insisting on mutuality in defensive collateral estoppel cases" such as the case before us.[1] Rather, the McAdoo court interpreted Ohio law as requiring only that the party against whom collateral estoppel is asserted previously had "a fair opportunity to fully litigate" the issue. McAdoo, supra, at 525; see also Schroyer v. Frankel (6th Cir. 1999), 197 F.3d 1170, 1178 (reasoning that Ohio law allows the use of non-mutual defensive collateral estoppel if the plaintiff was afforded "a fair opportunity to fully litigate the issue").
 {¶ 16} We note too that in more recent cases the Ohio Supreme Court has indicated that collateral estoppel applies "`when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3)when the party against whom collateral estoppel is asserted was a party[or] in privity with a party to the prior action.'" New WinchesterGardens, Ltd. v. Franklin County Bd. of Revision, 80 Ohio St.3d 36, 41,1997-Ohio-360 (emphasis added), quoting Thompson v. Wing,70 Ohio St.3d 176, 183, 1994-Ohio-358, and citing Goodson, supra. This court recently set forth a similar test for the application of collateral estoppel in Brady v. Brady, Montgomery App. No. 19006, 2002-Ohio-1879. Insofar as mutuality is concerned, we stated only that the party against whom collateral estoppel is sought must have been a party, or in privity with a party, to the prior action. Id. at *3. Consistent with McCrory and the other appellate decisiWons cited above, the formulation of the collateral estoppel test set forth by the Ohio Supreme Court in NewWinchester Gardens and by this court in Brady suggests that mutuality is not required if the party against whom collateral estoppel is asserted fully litigated an issue in an earlier action.[2]
 {¶ 17} In light of the foregoing weight of authority, we conclude, albeitith some reluctance, that Ohio law allows the use of non-mutual defensive collateral estoppel when a party against whom the doctrine is asserted previously had his day in court and was permitted to fully litigate the specific issue sought to be raised in a later action.[3]
 {¶ 18} The only remaining question is whether Mr. Hoover fully litigated in his workers' compensation case the specific issue sought to be raised in the present action. On appeal, Mr. Hoover notes that the relevant issue in the workers' compensation case was whether he suffered from the psychological condition of cognitive/amnestic disorder as aproximate result of physical injuries (a cerebral concussion and cervical strain) that he sustained in the automobile accident. Mr. Hoover insists that the present action involves a different issue, to wit: whether he suffered from the psychological condition of cognitive/amnestic disorder as a proximate result of the accident itself, rather than as a proximate result of the aforementioned physical injuries that he sustained in the accident.
 {¶ 19} We find the foregoing argument unpersuasive for at least two reasons. First, Mr. Hoover's contention in the present case is that his accident-related head injuries proximately caused him to experience a cognitive/amnestic disorder. See, e.g., Hoover depo. at 121-122. He previously litigated the same issue in the workers' compensation case. Second, Mr. Hoover's argument on appeal makes a distinction without a difference. He argues that in the workers' compensation case, the jury decided whether his physical head injuries proximately caused the cognitive/amnestic disorder, whereas the issue here is whether the accident itself proximately caused the disorder. We note, however, that Mr. Hoover has not attributed his psychological disorder to any abstract emotional distress caused by the automobile accident separate from the physical injuries to his head. To the contrary, as the appellees properly note, Mr. Hoover's evidence and argument suggest that accident-related physical trauma to his head caused his psychological cognitive/amnestic disorder. As a result, the issue in this case is the same whether it is framed in terms of Mr. Hoover's head injuries causing his psychological disorder or in terms of the car accident causing his psychological disorder. Therefore, we find no error in the trial court's determination that Mr. Hoover previously litigated the issue in the workers' compensation case or in its application of collateral estoppel to preclude re-litigation of the issue.
 III. {¶ 20} Based on the reasoning and citation of authority set forth above, we overrule Mr. Hoover's assignment of error and affirm the judgment of the Greene County Common Pleas Court.
 . . . . . . . . . . .
GRADY, J., concurs.
FAIN, P.J., dissents.
[1] The present case involves the "defensive" use of collateral estoppel because the defendants-appellees invoked the doctrine as a shield to defend against Mr. Hoover's claims.
[2] We recognize, of course, that the absence of mutuality was not specifically at issue in New Winchester Gardens or Brady. We cite those opinions only to note that the Ohio Supreme Court and this court have articulated a post-Goodson collateral estoppel test that is consistent with then-judge Moyer's reasoning in McCrory and with the other appellate decisions from the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Twelfth Districts.
[3] Our reluctance to embrace this conclusion stems from our belief that it constitutes more than a narrow exception to the general mutuality-of-parties rule. Indeed, if the requirement of mutuality may be discarded whenever a party against whom collateral estoppel is asserted previously had his day in court and fully litigated a specific issue, then the exception appears to swallow the rule. This is so because collateral estoppel never can apply, even when mutuality exists, unless a party fully litigated an issue in a prior action. Thus, eliminating the need for mutuality whenever a party had his day in court jettisons the mutuality requirement without imposing any new requirement or limitation. The net effect, then, is simply to abandon the general rule of mutuality. As noted above, however, the Ohio Supreme Court in Goodson
found an "exception" to the principle of mutuality to be proper "when the party defendant clearly had his day in court on the specific issue brought into litigation within the later proceeding[.]" Goodson, supra, at 200.