**[Cite as *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas,* 126 Ohio St.3d 198, 2010-Ohio-3299.]**

THE STATE EX REL. SAWICKI, APPELLEE, *v.* LUCAS COUNTY COURT OF

COMMON PLEAS ET AL., APPELLANTS.

**[Cite as *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas,* 126 Ohio St.3d 198, 2010-Ohio-3299.]**

*Writ of procedendo — Respondeat superior — Servant's immunity does not bar principal's liability — Judgment affirmed.*

(No. 2009-1649 — Submitted March 9, 2010 — Decided July 21, 2010.)

APPEAL from the Court of Appeals for Lucas County, No. L-07-1386, 2009-Ohio-3909.

_____

**LANZINGER, J.**

**{¶ 1}** This is an appeal from a judgment granting a writ of procedendo to compel a common pleas court and its judge to vacate a stay and to proceed in a pending medical-malpractice case. Because the court and judge erroneously stayed the case, we affirm the judgment of the court of appeals.

## I. Facts

*Medical-Malpractice Case, Sawicki v. Temesy-Armos*

**{¶ 2}** In September 2004, appellee, Henry J. Sawicki Jr., filed a medical-malpractice action in the Lucas County Court of Common Pleas against Peter N. Temesy-Armos, M.D., and Associated Physicians of MCO, Inc. ("Associated"), a private corporation. Sawicki's claim alleged that his primary-care physician referred him to the former Medical College of Ohio Hospital[1] in early October 2003 after he was diagnosed with atrial flutter. Temesy-Armos had prescribed anticoagulant medication, which was stopped due to Sawicki's severe groin pain.

_____

1. This facility is now known as the University of Toledo Medical Center.

The anticoagulant therapy was interrupted twice more and was finally discontinued after a CT scan of his abdomen revealed internal bleeding. Sawicki was then transferred to the hospital's intensive-care unit, where a neurologist noted that he had developed an unstable gait, a loss of sensation over the anterolateral thigh, and a decreased sensation of the inner right thigh. After being discharged from the hospital, Sawicki continued to experience severe pain, impairment of function, and significant numbness of the leg. He was eventually diagnosed with a proximal femoral nerve lesion causing atrophy of his leg.

{¶ 3} Sawicki's suit alleged medical negligence against Temesy-Armos and asserted that as his employer, his private employer, Associated, was liable on the theory of respondeat superior. When he treated Sawicki, Temesy-Armos was both a state employee of the medical college hospital and a private employee of Associated. Significantly, the hospital was not named as a party.

{¶ 4} In 2006, the trial court dismissed the claims against Temesy-Armos, finding that because the doctor was a state employee during the alleged malpractice, the Court of Claims had exclusive jurisdiction to determine whether he was acting within the scope of his employment at the time and thus was immune from liability. The trial court refused, however, to dismiss Associated from the case because if the doctor was immune, Associated – as his private employer – could still be liable for Temesy-Armos's actions under the doctrine of respondeat superior.

{¶ 5} The case was dismissed without prejudice and then refiled in the common pleas court. The newly assigned judge, Judge Gene A. Zmuda, dismissed Temesy-Armos once again on grounds that he was a state employee and stayed the remaining respondeat superior claim against Associated pending a ruling from the Court of Claims on whether the doctor was acting within the scope of his state employment during Sawicki's treatment and was subject to personal immunity as a state employee.

{¶ 6} In his brief, Sawicki conceded that he had not filed in the Court of Claims and that such an action would now be time-barred.

*Procedendo Case*

{¶ 7} Sawicki has filed this case in the Court of Appeals for Lucas County for a writ of procedendo to compel appellants, Lucas County Court of Common Pleas and Judge Zmuda, to vacate the stay and proceed to judgment on the respondeat superior claim against Associated. The Sixth District Court of Appeals initially granted the writ of procedendo and ordered Judge Zmuda to proceed. *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas*, Lucas App. No. L-07-1386, 2008-Ohio-2479, ¶ 8. We reversed and remanded for further proceedings. *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 32 ("*Sawicki I*").

{¶ 8} On remand, the court of appeals again granted a writ of procedendo. *Sawicki*, Lucas App. No. L-07-1386, 2009-Ohio-3909, ¶ 8. It found "no authority that requires a claimant to file suit against the state when his or her claims against a dual status employee are not based upon claims against the state, but are, rather, based on allegations that the employee's negligent acts were within the scope of his private employment." Id. at ¶ 7. The court held that "a stay was improper and the trial court unnecessarily delayed proceeding to judgment." Id. at ¶ 8.

{¶ 9} This case is now before the court on the appeal as of right of the common pleas court and Judge Zmuda.

## II. Legal Analysis

*Procedendo*

{¶ 10} The common pleas court and Judge Zmuda assert that the court of appeals erred in granting the writ of procedendo to compel them to vacate their stay of Sawicki's medical-malpractice case and to proceed in the common pleas action.

**{¶ 11}** To be entitled to the requested writ of procedendo, Sawicki must establish (1) a clear legal right to have Judge Zmuda proceed to the merits and try the medical-malpractice case, (2) a clear legal duty on the part of the judge to try the case, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 531-532, 705 N.E.2d 1227. A " 'writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.' " *State ex rel. CNG Fin. Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, 855 N.E.2d 473, ¶ 20, quoting *Weiss*, 84 Ohio St.3d at 532, 705 N.E.2d 1227.

**{¶ 12}** "[T]he requirements for a writ of procedendo are met if a judge erroneously stays a proceeding." *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 15. Consequently, "a writ of procedendo will issue to require a court to proceed to final judgment if the court has erroneously stayed the proceeding." *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 535, 696 N.E.2d 1079.

*Erroneous Stay of Medical-Malpractice Case*

**{¶ 13}** The common pleas court and Judge Zmuda assert that R.C. 2743.02(F) requires the stay and that the Court of Claims must initially determine if Temesy-Armos was acting in his capacity as a state employee when he treated Sawicki. We must therefore determine whether the statute, which grants exclusive jurisdiction to the Court of Claims in particular instances, applies to a medical-negligence case in which a claim is brought solely against a private employer on grounds of respondeat superior. R.C. 2743.02(F) provides:

**{¶ 14}** "*A civil action against an officer or employee*, as defined in section 109.36 of the Revised Code, *that alleges* that the officer's or employee's *conduct was manifestly outside the scope* of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner *shall first be filed against*

4

*the state in the court of claims*, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action." (Emphasis added.)

**{¶ 15}** We have held that "the Court of Claims has exclusive jurisdiction to determine whether a state employee is immune from liability under R.C. 9.86." *Johns v. Univ. of Cincinnati Med. Assoc., Inc.,* 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19, syllabus. But Sawicki's respondeat superior claim against Associated is not a civil action against Temesy-Armos as a state employee; it is a suit against the doctor's private employer only. This is not a case in which a plaintiff has sued the state-employed physician. See *State ex rel. Sanquily v. Court of Common Pleas of Lucas Cty.* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606. Nor is it a case in which the plaintiff has waived a claim against the state to avoid the application of R.C. 2743.02(F) and pursue an action against a state employee individually. *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 595 N.E.2d 862. Although Sawicki did initially include a claim against the physician himself, he did not "waive" it to circumvent R.C. 2743.02(F). Instead, the claim was dismissed by the common pleas court.

**{¶ 16}** An immunity determination by the Court of Claims is unnecessary in this case because neither the state nor its employee is the subject of the suit. Sawicki also does not allege that Temesy-Armos's conduct was either "manifestly outside the scope of" the doctor's state "employment or official responsibilities" or that the doctor had "acted with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2743.02(F). None of the conditions in R.C. 2743.02(F) are satisfied; the statute does not apply in this case.

*Dual Agency*

**{¶ 17}** According to appellants, either the state *or* Associated may be vicariously liable for the tortious acts of Temesy-Armos under the doctrine of

respondeat superior. In other words, a physician may act either for the state or for a private employer, but not for both at the same time. Yet the Restatement of the Law 2d, Agency (1958), Section 226 provides, "A person may be the servant of two masters, not joint employers, at one time as to one act, if the service to one does not involve abandonment of the service to the other." "[A] single act may be done to effect the purposes of two independent employers. * * * He may be the servant of two masters, not joint employers as to the same act, if the act is within the scope of his employment for both." Id. at comment *a*.

{¶ 18} Highest courts of other states have held that this principle is applicable in the hospital setting. The Michigan Supreme Court stated, "We believe that the general rules of agency as set forth in our jurisprudence and the Restatement remain sound and, as a basic principle, should be applied to the hospital setting in the same manner as any other employment setting. By logical extension, we see no reason why their application to individuals such as faculty members providing instruction and treatment in a hospital should not be applied with the same rigor as they are to other hospital employees who may also be performing for two principals." *Vargo v. Sauer* (1998), 457 Mich. 49, 69, 576 N.W.2d 656. The Supreme Court of Pennsylvania stated that "agency law principles applicable to others should also apply to hospitals and operating surgeons. Hospitals, as well as the operating surgeons, owe a duty to the patient. If that duty is breached under circumstances from which a jury could reasonably conclude that the negligent party was at the same time the servant of two masters, both masters may be liable." *Tonsic v. Wagner* (1974), 458 Pa. 246, 253, 329 A.2d 497.

{¶ 19} The Supreme Court of Tennessee has held that "a private hospital may be held vicariously liable under the doctrine of respondeat superior solely for the acts of a state-employed physician resident when that resident is found to be the agent or servant of the hospital." *Johnson v. LeBonheur Children's Med. Ctr.*

(Tenn.2002), 74 S.W.3d 338, 347. The court determined that "a physician resident may be the agent of both the State and a private hospital." Id. at 344.

{¶ 20} It is possible that Temesy-Armos may have been acting as an agent of both the state hospital and his private employer while he was treating Sawicki. But the scope of employment becomes an important issue, first to be determined by the Court of Claims only if an action were to be brought against Temesy-Armos as an employee of the state.

*Personal Immunity as Employer-Liability Defense*

{¶ 21} No reasonable purpose is served by requiring litigants with respondeat superior claims against a *private* employer to first have the Court of Claims determine the employee's immunity as a state employee when that determination is immaterial to the private employer's vicarious liability. This reading of R.C. 2743.02(F) would potentially shift the burden of liability to the state by eliminating vicarious liability for private employers of dually employed persons.

{¶ 22} The question of how an employee's personal immunity affects the liability of a state employer was settled in *Adams v. Peoples* (1985), 18 Ohio St.3d 140, 142-143, 18 OBR 200, 480 N.E.2d 428. In *Adams*, we rejected the argument that an employer could not be liable under the doctrine of respondeat superior if the employee was immune from personal liability.[2] We stated, "Such argument is rejected by this court and by a majority of jurisdictions which have addressed the issue. This exact issue is addressed in the Restatement of the Law 2d, Agency (1958) 468-469, Section 217:

---

2. While that case involved the liability of a municipality, the liability of publicly owned hospitals may also be conferred on the municipalities that own them. See *Sears v. Cincinnati* (1972), 31 Ohio St.2d 157, 60 O.O.2d 113, 285 N.E.2d 732, paragraph three of the syllabus ("Under the doctrine of respondeat superior a municipal corporation is liable to a party injured by the negligence of an employee of a hospital owned by the municipality").

**{¶ 23}** " 'In an action against a principal based on the conduct of a servant in the course of employment:

**{¶ 24}** " '(a) * * *

**{¶ 25}** " '(b) The principal has no defense because of the fact that:

**{¶ 26}** " '* * *

**{¶ 27}** " '(ii) the agent had an immunity from civil liability as to the act.' " (Footnote omitted.) Id. at 142-143. See also *Johnson*, 74 S.W.3d at 343, in which the Tennessee Supreme Court held that a statute conferring immunity from liability on state employees did not immunize a private hospital "from liability for the acts or omissions of physician residents employed by the State who are also acting as agents or servants of the private hospital."

**{¶ 28}** Thus, Associated's argument that it cannot be held liable if Temesy-Armos is personally immune fails. An employee's immunity from liability is no shield to the employer's liability for acts under the doctrine of respondeat superior. *Adams,* 18 Ohio St.3d at 142-143, 18 OBR 200, 480 N.E.2d 428. A private employer may still be liable even if the employee is personally immune, for the doctrine of respondeat superior operates by imputing to the employer the acts of the tortfeasor, not the tortfeasor's liability. See, e.g., *Davis v. Lambert–St. Louis Internatl. Airport* (Mo.2006), 193 S.W.3d 760, 765-766 (a public employee's immunity "does not deny the existence of th[e] tort; rather it provides that [the employee] will not be liable for damages caused by his negligence"); *Hooper v. Clements Food Co.* (Okla.1985), 694 P.2d 943, 945 ("Under respondeat superior, the *negligence* or *wrongful act*, as opposed to the civil liability of the servant, is imputed to the master" [emphasis sic]).

**{¶ 29}** Thus if Temesy-Armos has committed tortious acts but is shielded by statutory immunity, that immunity is personal, and the conduct itself remains actionable. We have held that a hospital cannot be held liable under a derivative claim of vicarious liability when the physician cannot be held primarily liable.

*Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 20. But that case does not decide the issue before us. That case was decided narrowly and turned on a theory of agency by estoppel. Id. at ¶ 1. The claim against the hospital was extinguished by the statute of limitations, not by the application of immunity. Id. at ¶ 2. As we held in *Johns,* 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19, ¶ 37, "a determination of immunity is not a determination of liability. Rather, it is an initial step in litigation to determine whether the state will be liable for any damages caused [by] its employee's actions." *Adams*, however, specifically does not allow an immunity defense to a claim for an employer's liability under respondeat superior. *Adams*, 18 Ohio St.3d at 142-143, 18 OBR 200, 480 N.E.2d 428.

*Lack of Adequate Remedy in the Ordinary Course of Law*

{¶ 30} The common pleas court and Judge Zmuda claim that Sawicki is not entitled to the requested extraordinary writ of procedendo, because he had an adequate remedy in the ordinary course of law by way of an action in the Court of Claims, as contemplated by the stay. It is true that "[e]xtraordinary relief in procedendo will not be granted if there is an adequate remedy in the ordinary course of law." *State ex rel. Sevayega v. McMonagle*, 122 Ohio St.3d 54, 2009-Ohio-2367, 907 N.E.2d 1180, ¶ 1.

{¶ 31} But as noted previously, "the requirements for a writ of procedendo are met if a judge erroneously stays a proceeding." *Charvat*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 15; *Watkins*, 82 Ohio St.3d at 535, 696 N.E.2d 1079. "For example, a writ of procedendo will issue requiring a judge to proceed to final judgment if the judge erroneously stayed the proceeding based on a pending case that has no effect on the court's jurisdiction to proceed." *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 532, 705 N.E.2d 1227. Similarly, procedendo will issue to compel appellants to proceed when they have erroneously stayed a case based on a potential Court of Claims action that would

have no effect on the court's jurisdiction to proceed on the remaining respondeat superior claim. In his brief, Sawicki conceded that he had not filed in the Court of Claims and that such an action would now be time-barred. Forcing Sawicki to institute such a futile, inappropriate action would not constitute an adequate remedy at law. See *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 67, 671 N.E.2d 24.

### III. Conclusion

{¶ 32} Sawicki has established his entitlement to the requested extraordinary relief. Neither the plain language of R.C. 2743.02(F), the statute's evident legislative purpose, nor precedent construing it divested the common pleas court of its jurisdiction to proceed to determine Sawicki's claim against Associated in the medical-malpractice case. Therefore, we affirm the judgment of the court of appeals granting the writ of procedendo to compel the common pleas court and Judge Zmuda to vacate their stay of the underlying medical-malpractice case and to proceed on Sawicki's vicarious-liability claim.

Judgment affirmed.

PFEIFER, O'CONNOR, and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent

BROWN, C.J., not participating.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 33} I respectfully dissent. I believe that the Lucas County Common Pleas Court properly stayed this matter until the Court of Claims could determine whether Peter Temesy-Armos, M.D., was acting outside the course and scope of his employment with the state. Until the doctor's status is decided, the common pleas court lacks jurisdiction to proceed with the respondeat superior claim against Temesy-Armos's private employer.

*Court of Claims Must Make Initial Determination*

**{¶ 34}** The majority concludes that R.C. 2743.02(F) does not apply. Because the suit is now against only the doctor's private employer, not the state or the doctor, this court concludes that there is no need to determine whether the doctor's conduct was outside the scope of his employment with the state. I disagree. Sawicki initially filed his complaint against Dr. Temesy-Armos for medical malpractice and included a claim against his private employer for respondeat superior. There is no independent claim of negligence against Associated Physicians of MCO, Inc. ("Associated"). It is a derivative claim.

**{¶ 35}** The parties conceded that Dr. Temesy-Armos was a state employee at the time he provided care to Sawicki. It follows that the Court of Claims must determine the second part of the analysis, i.e., whether he was acting within the course and scope of his employment with the state before there may be a determination of whether he was within the scope of his employment with his private employer. Today's opinion totally eliminates this requirement.

**{¶ 36}** We have held that "the Court of Claims has exclusive jurisdiction to determine whether a state employee is immune from liability under R.C. 9.86. Therefore, courts of common pleas do not have jurisdiction to make R.C. 9.86 immunity determinations." *Johns v. Univ. of Cincinnati Med. Assocs., Inc.*, 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19, syllabus. The Court of Claims "must initially determine whether the practitioner is a state employee" and, if so, "whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured" to determine whether the practitioner was acting " 'manifestly outside the scope of employment.' " *Theobald v. Univ. of Cincinnati*, 111 Ohio St.3d 541, 2006-Ohio-6208, 857 N.E.2d 573, ¶ 30, 31, quoting R.C. 9.86.

**{¶ 37}** As I stated in my dissenting opinion in *Sawicki I*, "only the Court of Claims may determine Dr. Temesy-Armos's employment status at the time of the alleged negligence—whether a state employee or a private physician. Sawicki

cannot circumvent a determination by the Court of Claims merely by proceeding only against Associated." *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas*, 121 Ohio St.3d 507, 516, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 42 (Lundberg Stratton, J., dissenting). Now Sawicki is attempting to do just that.

{¶ 38} In *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606, a case filed against a physician employed by the state who was a loaned servant to a private institution, we held: "Irrespective of whether Sanquily was a 'loaned servant,' he was employed by the state when the cause of action arose. He was therefore an 'officer or employee' of the state for purposes of R.C. 2743.02(F). We therefore hold that the common pleas court's exercise of jurisdiction over the merits of the case is unauthorized by law until the Court of Claims decides whether Sanquily is immune from suit." Id. at 79.

{¶ 39} We added: "R.C. 2743.02(F) vests exclusive original jurisdiction in the Court of Claims to determine whether Sanquily is immune from suit. Until that court decides whether Sanquily is immune, the common pleas court is totally without jurisdiction over the litigation against him. Accordingly, Sanquily is entitled to a writ prohibiting the common pleas court from exercising jurisdiction over the merits of the case until the Court of Claims has decided whether he is entitled to personal immunity under R.C. 9.86 and whether the common pleas court has jurisdiction over the malpractice action." Id. at 80-81.

{¶ 40} In *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 595 N.E.2d 862, we rejected Conley's attempt to avoid filing in the Court of Claims even when he had filed an affidavit waiving his claims against the state in an attempt to maintain his action against a state employee in the court of common pleas. "Although Conley has waived any claim he had against the state, Shearer is still entitled to any immunity from suit that may exist. Such a rule bars plaintiffs with claims against state officers and employees from waiving claims against the state in the

hope of maintaining an action against the officer or employee individually, thereby avoiding the jurisdictional prerequisite of R.C. 2743.02(F). Only after the Court of Claims determines that a state employee acted outside the scope of his or her employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner may a plaintiff bring an action against the employee in a court of common pleas." Id. at 288. In this case, Sawicki cannot avoid jurisdictional requirements and try to cure his failure to timely file in the Court of Claims by claiming that he is not pursuing the doctor individually.

*Dual Agency Does Not Create Liability for Both Employers*

{¶ 41} The majority disregards longstanding precedent when it concludes that Temesy-Armos may have been a dual agent acting on behalf of both the state hospital and his private employer while he was treating Sawicki. In these circumstances, Ohio courts have adhered to an analysis that begins by examining the role of the physician. In *Theobald*, 111 Ohio St.3d 541, 2006-Ohio-6208, 857 N.E.2d 573, we clarified the analysis for dual agents: the Court of Claims must initially determine whether the practitioner is a state employee, and if so, "the court must next determine whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured." Id., ¶ 31.

{¶ 42} Sawicki cannot avoid this analysis by pursuing only Associated and not the state. It is significant that Sawicki's complaint alleges negligence against the state-employed doctor and only derivative liability against Associated. By doing so, Sawicki must initially determine the doctor's role by filing in the Court of Claims in order to proceed with the litigation in common pleas court.

{¶ 43} If the Court of Claims had determined that the doctor was acting within the scope of his state employment at the time, he would not be a dual agent. Now common pleas courts may exercise jurisdiction to determine that very same issue.

*No Respondeat Superior Liability When Agent Is Immune*

**{¶ 44}** The majority also concludes that the doctor's potential immunity is immaterial to the vicarious liability of his private employer. I do not agree. "It is axiomatic that for the doctrine of *respondeat superior* to apply, an employee must be liable for a tort committed in the scope of his employment." *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 217, 527 N.E.2d 1235. "If there is no liability assigned to the agent, it logically follows that there can be no liability imposed upon the principal for the agent's actions." *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 20.

**{¶ 45}** "Although a party injured by an agent may sue the principal, the agent, or both, a principal is vicariously liable only when an agent could be held directly liable." *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 22. *Wuerth* involved a legal-malpractice claim filed directly against a law firm when none of its principals or employees were liable or even named as defendants. We looked to medical-malpractice cases for guidance. We held that a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for malpractice. Ironically, we now look to a legal-malpractice case for the same principle, that a private employer cannot be liable if its employee, a doctor, has been dismissed. In this case, the majority has reached a different conclusion.

**{¶ 46}** In *Comer v. Risko*, we held that a hospital could not be held liable for the alleged negligence of a physician when that physician could not be sued due to the expiration of the statute of limitations. 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 2. We relied on the basic agency principle that an agent "is primarily liable for its actions, while the principal is merely secondarily liable." Id. at ¶ 20. An employer's liability is dependent on the negligence of the employees. Here, Sawicki concedes that the statute of limitations as to Temesy-Armos has expired. Even when alerted to the need to file in the Court of Claims, he did not and allowed the statute to expire.

14

**{¶ 47}** The majority relies on *Adams v. Peoples* (1985), 18 Ohio St.3d 140, 18 OBR 200, 480 N.E.2d 428, in support of a respondeat superior claim against an employer when the employee is potentially immune from liability. *Adams* involved the liability of a municipality for the willful and wanton conduct of its employee when the municipality was statutorily immune from liability for the employee's mere negligence. Id. at syllabus. There was no dual agency in *Adams,* and here, only negligence is alleged. Thus, *Adams* is not on point.

**{¶ 48}** The majority attempts to distinguish *Comer,* a case that involved agency by estoppel and the expiration of the statute of limitations. Whether in a case of agency by estoppel or respondeat superior, we look to basic agency principles. And whether the claim against the agent is extinguished by the expiration of the statute of limitations or by the agent's immunity, the result is that the agent may not be liable. When no liability may be imposed on the agent, there is no liability to flow through to the principal. *Comer*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 25.

**{¶ 49}** If Dr. Temesy-Armos is Associated's sole employee and the doctor has been dismissed, how will Sawicki establish the doctor's negligence in order to assess liability against the principal? Will the principal be required to defend and prove a lack of negligence against an empty chair, a nonparty? This creates an untenable situation.

**{¶ 50}** Here, there is no dispute that Dr. Temesy-Armos is a state employee. R.C. 2743.02(F) requires a civil action against a state employee to "*first* be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code *and whether the courts of common pleas have jurisdiction* over the civil action." (Emphasis added.) Sawicki needed to have sought an initial determination in the Court of Claims regarding the status of Temesy-Armos before proceeding to litigate claims against

the doctor's private employer. He did not. The limitations period has expired, and he cannot proceed. In the absence of a finding of the employee's liability, there can be no respondeat superior liability assessed against his private employer.

{¶ 51} As a consequence of this opinion, a plaintiff may now subject a physician's private employer to a medical-malpractice lawsuit even if that physician was employed within the scope of his employment for the state at the time of the alleged negligence, as is conceded here. Under these circumstances, the Court of Claims need not make an initial determination under R.C. 2743.02(F), because we now recognize dual agency. Companion lawsuits may be filed in common pleas court. I believe that this will result in more lawsuits, increase defense litigation costs, and consume more court resources. This opinion opens the floodgates for more litigation despite the plain language of R.C. 2743.02(F).

{¶ 52} Consequently, I respectfully dissent.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Barkan & Robon, Ltd., James M. Tuchsman, and R. Ethan Davis, for appellee.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for appellants.

Skiver & Associates, L.L.C., Elizabeth E. Baer, and Kristen A. Connelly, urging reversal for amicus curiae, Associated Physicians of MCO, Inc.

_____