[Cite as *Doby-Robinson v. Kaiser Permanente Found.*, 2012-Ohio-1548.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97495**

# KAREN DOBY-ROBINSON, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# KAISER PERMANENTE FOUNDATION, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-741493

**BEFORE:** Keough, J., Cooney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 5, 2012

**ATTORNEY FOR APPELLANTS**

Paul M. Kaufman
801 Terminal Tower
50 Public Square
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEES**

Donald J. Richardson
Jennifer R. Becker
Jeffrey W. Van Wagner
Bonezzi, Switzer, Murphy, Polito & Hupp
1300 East Ninth Street
Suite 1950
Cleveland, OH 44114

KATHLEEN ANN KEOUGH, J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

**{¶2}** Plaintiffs-appellants, Karen Doby-Robinson and Samuel Robinson ("appellants"), appeal the trial court's decision granting summary judgment on behalf of defendants-appellees, Kaiser Permanente Foundation Health Plan of Ohio, Ohio Permanente Medical Group, Delilah F. Armstrong, M.D., Alexander Jakubowycz, M.D., and James Tagliabue, M.D. (collectively "appellees").

**{¶3}** Appellants raise as their sole assignment of error that the trial court erred in granting summary judgment in favor of appellees. Independently reviewing the record in this case and without deference to the trial court's decision, we find that summary judgment was properly granted in favor of appellees. The applicable one-year statute of limitations bars appellants' medical malpractice and loss of consortium claims where the cognizable event occurred at the latest in October 2007 and appellants did not file suit against the individual physicians until November 2010. *See* R.C. 2305.113(A); *Hershberger v. Akron City Hosp.*, 34 Ohio St.3d 1, 516 N.E.2d 204 (1987), paragraphs one and two of the syllabus; *Smith v. Gill*, 8th Dist. No. 93985, 2010-Ohio-4012, ¶ 12. Furthermore, because appellants' claims against the individual physicians are time-barred,

the medical facilities cannot be held vicariously liable for the medical claims. *See Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 20.

**{¶4}** Accordingly, appellants' assignment of error is overruled.

**{¶5}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

COLLEEN CONWAY COONEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR