[Cite as *Whitcomb v. Allcare Dental & Dentures*, 2012-Ohio-2195.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97141

---

## SCOTT E. WHITCOMB, SR., ET AL.

### PLAINTIFFS-APPELLANTS

vs.

## ALLCARE DENTAL & DENTURES, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-738365

**BEFORE:** Cooney, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**ATTORNEY FOR APPELLANTS**

Paul M. Kaufman
801 Terminal Tower
50 Public Square
Cleveland, OH 44113-2203


**ATTORNEY FOR APPELLEES**

Michael D. Fitzpatrick
55 Public Square
Suite 930
Cleveland, OH 44113

COLLEEN CONWAY COONEY, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant, Scott E. Whitcomb, Sr. ("Whitcomb"), appeals the trial court's grant of summary judgment in favor of defendant-appellee, Allcare Dental & Dentures ("Allcare"). Finding no merit to the appeal, we affirm.

{¶2} Whitcomb filed a dental malpractice suit against Allcare and Khalid Chaudry, D.D.S. ("Chaudry"), as well as three other Allcare dentists, in December 2008. The suit was dismissed without prejudice in October 2009. Whitcomb refiled his complaint in October 2010 against Allcare and Chaudry exclusively.

{¶3} In March 2011, Allcare filed a motion for summary judgment, arguing that Whitcomb's suit against Chaudry was barred by the statute of limitations and, in turn, Allcare could not be held vicariously liable. The trial court granted the motion.

{¶4} Whitcomb now appeals, arguing in his sole assignment of error that the trial court erred in granting summary judgment to Allcare.

{¶5} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can

come to but one conclusion, that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus.

{¶6} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996).  Doubts must be resolved in favor of the nonmoving party.  *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).  There is no issue for trial, however, unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶7} After independently reviewing the record in this case and without deference to the trial court's decision, we find that summary judgment was properly granted in favor of Allcare.  Dental malpractice claims are subject to a one-year statute of limitations. R.C. 2305.113(A).  If, however, before the one-year period has expired, the plaintiff "gives to the person who is the subject of that claim written notice that the [plaintiff] is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given." R.C. 2305.113(B).  Whitcomb sent written notice for Chaudry to Allcare and it was

signed by a third party. However, Chaudry was no longer employed by Allcare at the time the notice was delivered and thus, he did not receive the letter. The Ohio Supreme Court has held that the service requirement of R.C. 2305.113(B)(1) must be actual receipt. *Edens v. Barberton Area Family Practice Ctr.*, 43 Ohio St.3d 176, 539 N.E.2d 1124 (1989); *see also Smith v. Gill*, 8th Dist. No. 93985, 2010-Ohio-4012. Therefore, the applicable statute of limitations bars Whitcomb's claim against Chaudry.

{¶8} Furthermore, because Whitcomb's claim against Chaudry is time-barred, Allcare cannot be held vicariously liable for the dental malpractice claims. *See Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939; *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 20. *See also Doby-Robinson v. Kaiser Permanente Found.,* 8th Dist. No. 97495, 2012-Ohio-1548 ("[B]ecause appellants' claims against the individual physicians are time-barred, the medical facilities cannot be held vicariously liable for the medical claims.").

{¶9} We find Whitcomb's reliance on *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas,* 126 Ohio St.3d 198, 2010-Ohio-3299, 931 N.E.2d 1082, to be misplaced. *Sawicki* does not overrule *Wuerth*. In fact, the *Sawicki* court does not even mention *Wuerth* in its opinion. *Wuerth* is mentioned only briefly in Justice Stratton's dissent.

{¶10} Relying on *Wuerth*, this court, in *Hignite v. Glick, Layman & Assoc., Inc.*, 8th Dist. No. 95782, 2011-Ohio-1698, affirmed summary judgment in favor of a dental practice based on the appellant's failure to demonstrate that any of the individual dentists

were liable for malpractice. The individual dentists were not liable because the statute of limitations had run on any possible claim against them.

**{¶11}** Therefore, we find that the trial court did not err in granting summary judgment to Allcare. Accordingly, Whitcomb's sole assignment of error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR