ROSENSHINE, Exr., Appellant,

v.

MEDICAL COLLEGE HOSPITALS, Appellee.

Dawn Rosenshine, Executor of the Estate of Theresa
A. Dougherty, Deceased, Plaintiff–Appellee,

v.

Medical College Hospitals, Defendant–Appellant.

[Cite as *Rosenshine v. Med. College Hosps.*, 165 Ohio App.3d 9, 2005-Ohio-5648.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 04AP–843 and 04AP–865

Decided Oct. 25, 2005.

Boss & Vitou Co., L.P.A., and Mark F. Vitou, for Dawn Rosenshine.

Jim Petro, Attorney General, and Susan M. Sullivan, Assistant Attorney General, for Medical College Hospitals.

Robison, Curphey & O'Connell, Jean Ann S. Sieler, and Julia E. Benziger, for amicus curiae, Blair P. Grubb, M.D.

Petree, Judge.

{¶ 1} Plaintiff, Dawn Rosenshine, and defendant, Medical College Hospitals ("MCH"), both appeal from a judgment of the Court of Claims of Ohio, finding Blair P. Grubb, M.D., to be entitled to personal immunity pursuant to R.C. 9.86 and 2743.02(F). For the reasons that follow, we reverse the judgment of the trial court and remand this matter to that court.

{¶ 2} On April 24, 1998, Rosenshine, the executor of the estate of Theresa A. Dougherty, filed a complaint in the Court of Claims of Ohio against MCH, alleging medical malpractice. On the same day, Rosenshine filed a companion case in the Lucas County Court of Common Pleas against multiple defendants, including Grubb. The Court of Claims scheduled a status conference to review any potential immunity issues. Following the status conference, the court issued

an entry on December 15, 1998, stating, "There is no immunity issue pursuant to R.C. 2743.02(F) and 9.86 at this time." In the entry, the court scheduled another status conference to discuss the status of the connected action. On December 24, 1998, counsel for Grubb filed an entry of appearance in the Court of Claims and requested copies of all filings.

{¶ 3} On November 12, 2003, Grubb filed a motion for a hearing to determine his immunity in the Court of Claims. On November 17, 2003, MCH moved to strike Grubb's motion for an immunity hearing on the basis that Grubb, as a nonparty, had no standing to file the motion. Both Rosenshine and MCH filed memoranda in opposition to Grubb's motion for an immunity hearing. On January 28, 2004, the Court of Claims held Grubb's motion for an immunity determination and MCH's motion to strike in abeyance pending the outcome of *Johns v. Horton*, 149 Ohio App.3d 252, 2002-Ohio-3802, 776 N.E.2d 1146, appeal accepted, 97 Ohio St.3d 1495, 780 N.E.2d 600, 2002-Ohio-7200. On March 10, 2004, the Supreme Court of Ohio issued its decision in *Johns v. Univ. of Cincinnati Med. Assoc., Inc.*, 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19. On March 22, 2004, Rosenshine filed a motion to strike Grubb's motion for an immunity hearing. On March 23, 2004, MCH filed a supplemental motion to strike Grubb's motion for an immunity hearing. On May 5, 2004, Rosenshine filed a notice of withdrawal of her opposition to Grubb's motion for an immunity hearing.

{¶ 4} On May 27, 2004, the Court of Claims filed an entry, wherein it granted MCH's motion to strike Grubb's motion for an immunity hearing on the basis that Grubb is not a party in the action and has no standing to move the court for an immunity hearing. Furthermore, in the entry, the trial court sua sponte set the matter of determining whether Grubb is entitled to civil immunity for an evidentiary hearing on June 17, 2004. On June 1, 2004, the trial court determined that the parties had agreed to submit the case for determination on the merits pursuant to "written stipulations," as prepared by Grubb's counsel and approved by the parties, and briefs. The court noted in its entry of June 1, 2004: "The above agreement notwithstanding, defendant continues to object to any participation by Dr. Grubb in these proceedings."

{¶ 5} On June 16, 2004, a "stipulation" was filed in the Court of Claims. The stipulation, which was approved by counsel for the parties, as well as counsel for Grubb, provides:

The parties hereby stipulate that in lieu of presentation of evidence at the evidentiary hearing of June 17, 2004 at 10:00 a.m., all parties stipulate that the issue of Blair P. Grubb, M.D.'s immunity should be determined by the Court on briefs, depositions and affidavits filed, including but not limited to the following:

Documents from The Court of Common Pleas of Lucas County, Ohio (filed in the Court of Claims along with the Stipulation).

\* \* \*

Documents from The Court of Claims of Ohio (already on file in the Court of Claims)

\* \* \*

Depositions (already on file in the Court of Claims)

\* \* \*

Depositions (filed in the Court of Claims along with this Stipulation)

\* \* \*

In addition, any party may submit a supplemental brief and additional affidavits and evidence on or before June 16, 2004.

{¶ 6} On June 25, 2004, the trial court filed an entry, which states as follows:

On June 16, 2004, the parties filed a stipulation agreeing to submit to the court the issue of civil immunity of Blair P. Grubb, M.D. on briefs, depositions, and affidavits. \* \* \*

Although not a party, Dr. Grubb executed the stipulation by and through counsel. In an effort to help the court make a determination on the issue of immunity, counsel for Dr. Grubb may submit a memorandum in support of his position.

{¶ 7} In its decision on the issue of Grubb's civil immunity, the trial court determined that Grubb acted within the scope of his employment with MCH at all times relevant to the care of Theresa Dougherty and that Grubb did not act with malicious purpose, in bad faith, or in a wanton or reckless manner toward Dougherty. The trial court concluded that Grubb is entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over civil actions against him based upon his alleged action or inaction in this case. The trial court entered judgment on July 22, 2004.

{¶ 8} Both Rosenshine and MCH filed timely notices of appeal. Rosenshine's appeal was docketed as case No. 04AP–843, and MCH's appeal was docketed as case No. 04AP–865. On September 9, 2004, this court sua sponte consolidated the appeals for purposes of record filing, briefing, and oral argument.

{¶ 9} In case No. 04AP–843, Rosenshine asserts the following assignments of error:

### Assignment of Error No. 1

It was error for the trial court to conclude that Blair Grubb, M.D., was acting in the course and scope of employment with the State of Ohio, and therefore

statutorily immune from liability for Appellant's claim of medical malpractice arising out of her decedent's May 30—June 2, 1995, admission to Medical College Hospitals ("MCH").

### Assignment of Error No. 2

Even if Blair Grubb, M.D., was an employee of the State of Ohio during Appellant's decedent's May 30—June 2, 1995, MCH admission, it was error for the trial court to find him statutorily immune from liability claim since his departures from the accepted standards of medical care with respect to his claimed supervision of the care and treatment of Appellant's decedent constitute reckless conduct.

{¶ 10} In case No. 04AP–865, MCH has set forth the following assignments of error:

### First Assignment of Error

The Court of Claims erred when it allowed a non-party to participate in an immunity hearing, even after it had granted the defendant's motion to strike the non-party's motion for an immunity determination.

### Second Assignment of Error

The Court of Claims erred when it failed to find that Dr. Blair Grubb waived his claim for immunity by not asserting it in a timely manner.

### Third Assignment of Error

The Court of Claims erred in finding that Dr. Blair Grubb was entitled to immunity under R.C. 9.86 and 2743.02(F).

{¶ 11} During the pendency of this appeal, Grubb filed a motion to intervene, or alternatively, a motion for leave to file an amicus curiae brief. This court denied the motion to intervene and granted his motion for leave to file an amicus curiae brief.

{¶ 12} Under its first assignment of error, MCH argues that the Court of Claims of Ohio erred in permitting Grubb to participate in the immunity-determination hearing. Grubb, in his amicus curiae brief, argues that he did not participate in the immunity-determination hearing as a party, and therefore MCH's first assignment of error is without merit.

{¶ 13} "Pursuant to R.C. 2743.02(F), the Court of Claims has exclusive jurisdiction to determine whether a state employee is immune from liability under R.C. 9.86. Therefore, courts of common pleas do not have jurisdiction to make R.C. 9.86 immunity determinations." *Johns v. Univ. of Cincinnati Med. Assoc.,*

*Inc.*, 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19, at syllabus. A state employee has no right to participate in the immunity determination proceedings before the Court of Claims. *Theobald v. Univ. of Cincinnati*, 101 Ohio St.3d 370, 2004-Ohio-1527, 805 N.E.2d 1084; *Johns.*

{¶ 14} In *Gerschutz v. Med. College of Ohio Hosp.*, Franklin App. No. 04AP–794, 2005-Ohio-1158, 2005 WL 615653, at ¶ 7, this court determined that the Court of Claims had, "in effect, allowed [the doctors], through their counsel to participate in the immunity-determination hearing as parties." In *Gerschutz*, the doctors' counsel "presented evidence through direct and cross-examination of witnesses, introduced exhibits into evidence, and submitted briefs." Id. This court concluded that it was error for the Court of Claims to permit such participation. Id., citing both *Johns* and *Theobald.*

{¶ 15} This case is procedurally distinguishable from *Gerschutz*. In *Gerschutz*, the trial court held an evidentiary hearing, during which "the doctors' attorneys were permitted to present testimony and exhibits and to cross-examine witnesses as if the doctors were parties." Id. at ¶ 4. In this case, the trial court did not hold an oral evidentiary hearing, but it permitted the parties, as well as Grubb, to submit memoranda and evidence regarding the issue in dispute. The parties agreed that, in lieu of an evidentiary hearing, the issue of Grubb's immunity would be determined by the court on "briefs, depositions and affidavits filed." Essentially, the parties agreed that the immunity issue would be determined by the Court of Claims upon what is oftentimes considered a "non-oral hearing." [1]

{¶ 16} Notwithstanding this distinction, the reasoning applied in *Gerschutz* remains instructive for purposes of the proper resolution of this appeal. Our review of the June 16, 2004 "stipulation" reveals Grubb's significant participation in the immunity-determination hearing process, which extended beyond merely submitting an "advisory brief" on the issue. The materials covered by the "stipulation" included memoranda and evidence filed by Grubb. The court, in effect, permitted Grubb's counsel to advocate her client's position, as if her client were a party.

{¶ 17} In view of the record in this case, we conclude that Grubb participated as if he were a party in the immunity-determination proceedings in the Court of Claims. Considering *Johns*, *Theobald*, and this court's decision in *Gerschutz*, the Court of Claims erred in permitting Grubb's participation in the immunity-determination proceedings. Grubb's participation in the proceedings cannot be considered harmless. Accordingly, we sustain MCH's first assignment of error.

---

1. Although MCH agreed to the nonoral hearing, it objected to any participation by Grubb.

{¶ 18} In its second assignment of error, MCH argues that the Court of Claims erred in failing to find that Grubb waived his claim for immunity because he did not timely assert it. MCH also argues that the issue was raised on the erroneous premise that the law had changed.

{¶ 19} Pursuant to R.C. 2743.02(F), the Court of Claims has exclusive jurisdiction to determine, "initially," whether a state employee is immune from liability, and the resolution of the issue determines jurisdiction in the common pleas court over the civil action relating to the alleged action or inaction of the state employee. MCH argues that the Court of Claims' statement that there was no immunity issue "at this time," in its December 15, 1998 entry, operated as the court's "initial" determination. We disagree. The court was merely recognizing that there was no immunity issue to be resolved at that time. That is different from finding that the employee is not entitled to personal immunity. Furthermore, when and why the issue of Grubb's immunity was raised is not pertinent in the final analysis regarding MCH's second assignment of error. We hold that because claiming personal immunity pursuant to R.C. 9.86 in the court of common pleas is tantamount to alleging a lack of subject-matter jurisdiction, the issue was not waived by Grubb. Therefore, we overrule MCH's second assignment of error.

{¶ 20} Considering our disposition of MCH's first assignment of error, its third assignment of error is moot. Additionally, Rosenshine's two assignments of error are also moot.

{¶ 21} For the foregoing reasons, we sustain MCH's first assignment of error, which renders its third assignment of error, as well as Rosenshine's two assignments of error, moot. MCH's second assignment of error is overruled. Accordingly, the judgment of the Court of Claims of Ohio is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.

Judgment reversed
and cause remanded.

FRENCH and McGRATH, JJ., concur.