[Cite as *Clemons v. Ohio Bur. of Workers' Comp.*, 2014-Ohio-1259.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cornelius J. Clemons, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 13AP-691 |
| | | (C.P.C. No. 13CV-5646) |
| Ohio Bureau of Workers' Compensation et al., | : | |
| | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on March 27, 2014

*Cornelius J. Clemons*, pro se.

*Michael DeWine*, Attorney General, and *Patsy A. Thomas*, for appellees Ohio Bureau of Workers' Compensation, Industrial Commission of Ohio, and, acting in their official capacities, Stephen Buehrer, Robin K., Matthew Tyack, Sandra Rolletta, Karen Sampson, D. Greim, J. Stavridis, Deborah Charney, C. Albrecht, David Packer, David Binkovitz, Jon Grandon, Felicity Hillmer and Lori Ransom.

*Michael DeWine*, Attorney General, and *Mia Meucci Yanika*, for appellees The Ohio State University Occupational Medicine West and Dr. Eric Schaub.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1}  Plaintiff-appellant, Cornelius J. Clemons, appeals from a judgment of the Franklin County Court of Common Pleas dismissing, for the lack of subject-matter jurisdiction, appellant's complaint against the State of Ohio and several state employees. For the reasons that follow, we affirm.

## A. Facts and Procedural History

{¶ 2}   On May 21, 2013, appellant filed a 28-page complaint against appellees seeking both compensatory and punitive damages under several common law theories including breach of contract, breach of fiduciary duty, and intentional infliction of emotional distress.  The "Preliminary Statements" in the complaint read, in relevant part, as follows:

> In this action plaintiff requests the redress for harm done his person and etc.; by joint Defendants Ohio Bureau of Workers['] Compensation/Ohio Industrial Commission and their representatives in their official capacities. * * * This action also seeks redress for harm done to the Plaintiff by severally liable Defendants OSU Occupational Medicine West Treatment Center and Medical Practitioner in his official capacity Dr. Eric Schaub.

In addition to the Bureau of Workers' Compensation ("BWC"), the Industrial Commission of Ohio ("commission"), The Ohio State University-West Treatment Center ("OSU"), and Dr. Schaub, the title of the complaint names several individuals as "Agents in their Official Capacities."[1]

{¶ 3}   The body of the complaint contains a detailed history of appellant's workers' compensation claim filed on December 23, 2010. Appellant filed claim No. 10-858586 after he sustained injuries in an October 1, 2010 "T-bone collision accident" while employed as a "full-time clamp-lift operator for Kenco Logistics."  (Complaint, 1-2.)  The complaint chronicles appellant's effort to obtain workers' compensation benefits including allowances of certain medical conditions, compensation for temporary total and permanent partial disability, approval of various forms of medical treatment, and payment of his medical expenses. The complaint describes the rulings made by the BWC and ICO regarding his benefit applications, the efforts he made to administratively appeal adverse rulings, and the outcome of his appeals.  The complaint does not indicate whether appellant ever filed an action, pursuant to R.C. 4123.512, seeking court review of any ICO or BWC ruling.

---

[1] Specifically, Stephen Buehrer and Robin K., are identified as BWC agents; Mathew Tyack, Sandra Roletta, Karen Sampson, D. Greim, J. Stavridis, Deborah Charney, C. Albrecht, David Packer, Jon Grandon, Felicity Hillmer, and Lori Ransom are identified as commission agents.

{¶ 4} On June 21, 2013, BWC and ICO, along with their respective "agents," filed a joint motion to dismiss the complaint pursuant to Civ.R. 12(B)(1) and (6). On that same date appellees, OSU and Dr. Schaub, filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(1). In a decision and judgment entry dated August 5, 2013, the trial court granted appellees' motions and dismissed the case, with prejudice. Appellant timely appeals to this court from the judgment of the Franklin County Court of Common Pleas.

### B. Assignments of Error

[I.] Matter of Law: Assignment of Error in the Trial Court Judge's admonishment of dismissal of all claims upon premise of Court of Claims subject matter jurisdiction.

[II.] Matter of Law: Assignment of Error in the Trial Court Judge's prejudice accompaniment with dismissal of claims.

[III.] Matter of Fact: Assignment of Error in Trial Court's apprehension of recording the Appellant's claims as vehicles of challenging requested denial of workers' compensation benefits).

[IV.] Matter of Law: Assignment of Error in the Trial Court Judge's dismissal of Breach of Contract claim against Bureau of Workers Compensation and Ohio Industrial Commission for failure to state claim upon which relief may be granted in assertion that the claim Breach of Contract is not a proper vehicle.

[V.] Mater [sic] of Law: Assignment of Error in the Trial Court Judge's dismissal of Breach of Fiduciary Duty claim against Bureau of Workers Compensation and Ohio Industrial Commission for failure to state claim upon which relief may be granted in assertion that the claim Breach of Fiduciary Duty is not a proper vehicle.

[VI.] Matter of Law: Assignment of Error in the Trial Court Judge's dismissal of Intentional/Reckless and Wanton Infliction of Severe Emotional Distress claim against Bureau of Workers Compensation and Ohio Industrial Commission in entirety with all claims for failure to state claim upon which relief may be granted.

[VII.] Matter of Law: Assignment of Error in the Trial Court Judge's dismissal of Breach of Fiduciary Duty claim against OSU Occupational West and Dr. Eric Schaub in official

      capacity in entirety with all claims for failure to state claim upon which relief may be granted.

## C. Standard of Review

{¶ 5} In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Brown v. Ohio Tax Commr.*, 10th Dist. No.11AP-349, 2012-Ohio-5768, ¶ 14; *Robinson v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. Subject-matter jurisdiction involves " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Id.,* quoting *Vedder v. Warrensville Hts.,* 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. We apply a de novo standard when we review a trial court's ruling on a Civ.R. 12(B)(1) motion to dismiss. *Robinson* at ¶ 5, citing *Hudson v. Petrosurance*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12. A dismissal for the lack of jurisdiction over the person or the subject matter operates as a failure otherwise than on the merits. Civ.R. 41(B)(4).

{¶ 6} A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim is procedural and tests the sufficiency of the complaint. *Volbers–Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11, citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989); *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). Dismissal for failure to state a claim is proper if, after all factual allegations are presumed to be true and all reasonable inferences are made in favor of the non-moving party, it appears beyond doubt from the complaint that the plaintiff could prove no set of facts warranting the requested relief. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. We review the dismissal of a complaint pursuant to Civ.R. 12(B)(6) under a de novo standard. *Woods v. Riverside Methodist Hosp.*, 10th Dist. No. 11AP-689, 2012-Ohio-3139, ¶ 9. The Supreme Court of Ohio has held that a dismissal for failure to state a claim upon which relief can be granted operates as an adjudication on the merits. *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, ¶ 15; *George v. State*, 10th Dist. No. 10AP-4, 2010-Ohio-5262, ¶ 14. "As a result, res judicata bars refiling the claim." *Id.*

**D. Legal Analysis**

**1. Jurisdiction of Claims against the State of Ohio**

{¶ 7}   Courts of common pleas have jurisdiction over civil disputes with more than $500 in controversy. *Cullinan v. Ohio Dept. of Job & Family Servs.,* 10th Dist. No. 12AP-208, 2012-Ohio-4836, ¶ 6. "The Court of Claims, on the other hand, is a court of limited jurisdiction having exclusive, original jurisdiction over claims brought against the state as a result of the state's waiver of immunity under R.C. 2743.02." *Id.* The Court of Claims has exclusive, original jurisdiction over civil actions filed against the state for money damages sounding in law. *Id.*

{¶ 8}   There is no question that both the BWC and the commission are state agencies as R.C. 2743.01(A) defines the term. *See* R.C. 4123.31. *See also Ohio Bur. of Workers' Comp. v. Salkin*, 8th Dist. No. 96173, 2011-Ohio-4260; *Sheridan v. Metro. Life Ins. Co.,* 182 Ohio App.3d 107, 2009-Ohio-1808, ¶ 13 (10th Dist.); *Jenkins v. Admr. of the Bur. of Workers' Comp.*, 8th Dist. No. 80445, 2002-Ohio-3268, ¶ 21. There is also no doubt that OSU is an instrumentality of the State of Ohio amenable to suit in the Court of Claims. *See Thacker v. Bd. of Trustees of the Ohio State Univ.*, 35 Ohio St.2d 49 (1973); *Landes v. Ohio State Univ. Hosps.*, 10th Dist. No. 97API05-739 (Nov. 20, 1997). Appellant's complaint in this case seeks monetary relief from the BWC, the commission, and OSU under several common law theories. Consequently, the courts of common pleas do not have jurisdiction to hear and determine the claims appellant has asserted against the BWC, the commission, and OSU.

{¶ 9}   Furthermore, with respect to the individuals named in appellant's complaint, R.C. 2743.02 provides, in relevant part:

> **(F)** *A civil action against an officer or employee, as defined in section 109.36 of the Revised Code*, **that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner** *shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.*

(Emphasis added.)

{¶ 10}  "Pursuant to R.C. 2743.02(F), the Court of Claims has exclusive jurisdiction to determine whether a state employee is immune from liability under R.C. 9.86." *Rosenshine v. Med. College Hosps.,* 165 Ohio App.3d 9, 2005-Ohio-5648, ¶ 13 (10th Dist.). "[C]ourts of common pleas do not have jurisdiction to make R.C. 9.86 immunity determinations." *Id.,* citing *Johns v. Univ. of Cincinnati Med. Assoc., Inc.,* 101 Ohio St.3d 234, 2004-Ohio-824, syllabus; *Theobald v. Univ. of Cincinnati,* 101 Ohio St.3d 370, 2004-Ohio-1527.

{¶ 11} "Officer" or "employee" as used in R.C. 9.86 "has the same meaning as in division (A) of section 109.36 of the Revised Code." R.C. 9.85(A). Under R.C. 109.36(A)(1)(a) an officer or employee of the State is "[a] person who, at the time a cause of action against the person arises, is serving in an elected or appointed office or position with the state or is employed by the state." Based upon the allegations of the complaint, there is no doubt that the individuals named as defendants in the complaint are individuals who, at the time appellant's cause of action arose, were either serving in an appointed office or position with the state or were employed by the state. Consequently, pursuant to R.C. 2743.02(F), appellant's civil action against these particular individuals is within the exclusive original jurisdiction of the Court of Claims. *Rosenshine*; *Johns*; *Theobald.*

{¶ 12} In short, we hold that the trial court did not err when it concluded that it was without jurisdiction to hear and determine any of the claims asserted against appellees. Accordingly, appellant's first, second, and third assignments of error are overruled.

## 2. Failure to State a Claim

{¶ 13} Appellant's fourth, fifth, sixth, and seventh assignments of error address the trial court's determination that the complaint fails to state a claim upon which relief may be granted. Accordingly, we will consider these assignments of error together.

{¶ 14} The trial court stated that "claims for breach of contract and breach of fiduciary duty are not a vehicle in which to challenge the denial" of "workers' compensation benefits." (Aug. 5, 2013 Decision, 3.) The court further stated that "[t]he

present matter is a prime example of claims that do not exist." (Aug. 5, 2013 Decision, 3.) Accordingly, the trial court dismissed the complaint, with prejudice, for failure to state a claim for relief.

{¶ 15} We do not disagree with the trial court's statement of the law. However, as noted above, a dismissal for failure to state a claim upon which relief can be granted operates as an adjudication on the merits. *State ex rel. Arcadia Acres; George*. Given our conclusion that the trial court was without jurisdiction to hear and determine appellant's claims against appellees, the trial court was also without jurisdiction to enter a judgment on the merits. Nevertheless, we find that any error with respect to the trial court's Civ.R. 12(B)(6) analysis is clearly harmless error in light of the jurisdictional ruling. Accordingly, appellant's fourth, fifth, sixth, and seventh assignments of error are overruled.

## 3. Conclusion

{¶ 16} Having overruled each of appellant's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____