[Cite as *Billiter v. Banks*, 2014-Ohio-1492.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Fred Billiter et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | No. 13AP-759 |
| | | (C.P.C. No. 12CV-08-10579) |
| NCI Warden Edward Banks et al., | : | |
| Defendants-Appellees. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on April 8, 2014

*Fred Billiter*; *Gary Brewster; David McBrayer;* and *Clifford Bowen,* pro se.

*Michael DeWine,* Attorney General, and *Peter L. Jamison,* for appellees Mohr, Banks, Aufdenkampe, Gray, Voorhies, and Croft.

*Kelly A. Riddle,* for appellees Judge Nau and Karen S. Starr.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Plaintiffs-appellants, Fred Billiter, George Brewster, David McBrayer, and Clifford Bowen, appeal from a judgment of the Franklin County Court of Common Pleas, dismissing their complaint against Noble County Clerk of Court, Karen S. Starr ("Clerk Starr"), Judge John W. Nau of the Noble County Court of Common Pleas, and numerous employees of the Noble Correctional Institution ("NCI") and the Ohio Department of Corrections ("DRC"). For the reasons that follow, we affirm.

## A. Facts and Procedural History

{¶ 2}   Appellants are inmates in the custody and control of DRC and NCI. On August 22, 2013, appellants filed a complaint against appellees seeking both monetary damages and equitable relief. The complaint alleges wide ranging and pervasive corruption within NCI and DRC as well as incompetence and/or intentional misconduct on the part of Judge Nau and Clerk Starr, all of which resulted in violations of appellants' constitutional and statutory rights. On September 18, 2013, appellants filed a motion to dismiss the complaint, pursuant to Civ.R. 12(B)(1), due to the lack of subject-matter jurisdiction. Therein, appellees argued that the NCI and DRC defendants are employees of the State and, as such, they are immune from civil liability to appellants for any acts or omissions within the scope of their state office or employment. Appellees further alleged that R.C. 2743.02(F) confers exclusive original jurisdiction upon the Court of Claims to "determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶ 3}   In response to appellees' motion to dismiss, appellants filed a motion to amend their complaint on July 5, 2013. On October 10, 2012, appellees filed a memorandum in opposition wherein they asserted additional grounds for dismissal, including appellants' failure to comply with the mandatory filing requirements of R.C. 2969.25 and 2969.26. On July 30, 2013, the trial court dismissed the complaint both because it lacks subject-matter jurisdiction of claims asserted against officers and employees of NCI and DRC, and because appellants failed to comply with the filing requirements of R.C. 2969.25 and 2969.26 with respect to their claims against Judge Nau and Clerk Starr.[1] Appellants timely appealed to this court.

## B. Assignments of Error

{¶ 4}   Appellants appeal from the Franklin County Court of Common Pleas and assign the following as errors:

---

[1] The trial court sua sponte dismissed several of the named plaintiffs because they did not sign the complaint.

FIRST ASSIGNMENT OF ERROR: THE FRANKLIN COUNTY COURT OF COMMON PLEAS VIOLATEDTHE PLAINTIFFS' CONSTITUTIONAL RIGHT TO A JURY TRIAL, THEIR EQUAL PROTECTION AND BENEFIT RIGHTS, THEIR DUE PROCESS RIGHTS, AND DENIED THEM MEANINGFUL ACCESS TO THE COURTS TO REDRESS GRIEVANCES AGAINST STATE OFFICIALS AND NON-STATE DEFENDANTS WHEN IT GRANTED THE OHIO ATTORNEY GENERAL'S SEPTEMBER, 2012 MOTION TO DISMISS, AND THEREBY DISMISSED THE ENTIRE CASE FOR ALL DEFENDANTS AND FOUND ALL OTHER MOTION MOOT. (Sic.)

SECOND ASSIGNMENT OF ERROR: THE FRANKLIN COUNTY COURT OF COMMON PLEAS VIOLATED THE PLAINTIFFS' CONSTITUTIONAL, DUE PROCESS, EQUAL PROTECTION RIGHTS AND DENIED THEM MEANINGFUL ACCESS TO THE COURTS AND TO REDRESS WHEN IT DENIED ALL MOTIONS AS MOOT, SPECIFICALLY REFUSING TO REVIEW, CONSIDER, AND GRANT THE PLAINTIFFS' MOTIONS TO DECLARE A CONFLICT OF INTEREST AND TO ORDER THE OHIO ATTORNEY GENERAL TO WITHDRAW AND TO STRIKE THEIR MOTIONS.

THIRD ASSIGNMENT OF ERROR: THAT THE CLERK OF THE FRANKLIN COUNTY COURT LACKED AUTHORITY TO ORDER AND TO COLLECT AND DOUBLE BILL THE PLAINTIFFS FOR COURT COSTS ESPECIALLY AFTER THE JUDGE DISMISSED THE CASE AND DID NOT ORDER ANY COSTS.

## C. Standard of Review

{¶ 5} In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Brown v. Ohio Tax Commr.*, 10th Dist. No. 11AP-349, 2012-Ohio-5768; *Robinson v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. Subject-matter jurisdiction involves " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Id.*, quoting *Vedder v. Warrensville Hts.,* 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. We apply a de novo

standard when we review a trial court's ruling on a Civ.R. 12(B)(1) motion to dismiss. *Robinson* at ¶ 5, citing *Hudson v. Petrosurance*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12.

### D. Legal Analysis

### 1. Jurisdiction of Claims against State Officers and Employees

{¶ 6} In *Cullinan v. Ohio Dep.t of Job & Family Servs.,* 10th Dist. No. 12AP-208, 2012-Ohio-4836, we stated:

> Courts of common pleas generally have jurisdiction over, inter alia, civil disputes with more than $500 in controversy. The Court of Claims, on the other hand, is a court of limited jurisdiction having exclusive, original jurisdiction over claims brought against the state as a result of the state's waiver of immunity under R.C. 2743.02. The Court of Claims has exclusive, original jurisdiction over civil actions filed against the state for money damages sounding in law.

*Id.* ¶ 16. (Citations omitted.)

{¶ 7} R.C. 2743.02 provides in relevant part:

> (F) A *civil action against an officer or employee, as defined in section 109.36 of the Revised Code,* that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner *shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.*

(Emphasis added.)

{¶ 8} Pursuant to R.C. 2743.02(F), the Court of Claims has exclusive jurisdiction to determine whether a state employee is immune from liability under R.C. 9.86. *Rosenshine v. Med. College Hosps.,* 165 Ohio App.3d 9, 2005-Ohio-5648, ¶ 13 (10th Dist.). "[C]ourts of common pleas do not have jurisdiction to make R.C. 9.86 immunity determinations." *Id.,* citing *Johns v. Univ. of Cincinnati Med. Assoc., Inc.,* 101 Ohio St.3d

234, 2004-Ohio-824, syllabus; *Theobald v. Univ. of Cincinnati*, 101 Ohio St.3d 370, 2004-Ohio-1527.

{¶ 9}   "Officer" or "employee" as used in R.C. 9.86 "has the same meaning as in division (A) of section 109.36 of the Revised Code." R.C. 9.85(A). Under R.C. 109.36(A)(1)(a) an officer or employee of the State "is a person who, at the time a cause of action against the person arises, is serving in an elected or appointed office or position with the state or is employed by the state."

{¶ 10} Based upon the allegations of the complaint, it is clear that the NCI or DRC defendants are state officers or employees as defined in R.C. 9.86 and R.C. 2743.02. Consequently, pursuant to R.C. 2743.02(F), appellants' civil action against these particular individuals is within the exclusive original jurisdiction of the Court of Claims for a determination "whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶ 11} Appellants argue that even though some of the defendants named in the complaint are state employees, the Court of Claims does not have jurisdiction of this case inasmuch as the complaint does not seek money damages from the State. In making this argument, appellants rely on the amendments to the complaint they proposed in their July 15, 2013 motion.[2] However, as the trial court ably noted, appellants' proposed amendment expressly preserves their claims for money damages against several of the state officers and employees named as defendants. Moreover, while the caption of appellants' motion suggests that appellants intend to withdraw their claims for money damages against certain state defendants, a closer reading of the motion reveals that appellants are withdrawing the prayer for punitive damages only, leaving the issue of compensatory damages for trial.  In any event, the proposed amendment does not confer jurisdiction upon the trial court.

{¶ 12} Finally, to the extent that appellees argue that the trial court should have transferred the case to the Court of Claims rather than dismissing the complaint, we note

---

[2] We note that appellants did not provide the trial court with a copy of the proposed amended complaint.

that the Court of Claims may obtain jurisdiction of a civil action against the State either by the filing of an original action against the State in the Court of Claims or upon removal, pursuant to R.C. 2743.03(E), of an action properly filed in another court. *Adams v. Cox,* 10th Dist. No. 09AP-684, 2010-Ohio-415, ¶ 12-14. The Court of Claims Act does not authorize the transfer of a case to the Court of Claims. *Id.*

{¶ 13} Based upon the foregoing, we hold that the trial court did not err when it dismissed appellants' complaint due to the lack of subject-matter jurisdiction. Accordingly, appellants' first assignment of error is overruled.

### 2. R.C. 2969.25 and 2969.26

{¶ 14} Although the trial court determined that it is without jurisdiction over claims asserted against the state officers and employees named in the complaint, the complaint also alleged claims for relief against Judge Nau and Clerk Starr. Both Judge Nau and Clerk Starr are officers of Noble County, a political subdivision of the State; they are not officers or employees of the State. R.C. 2743.01(A).

{¶ 15} The trial court dismissed the claims for relief against these defendants because appellants failed to comply with the mandatory filing requirement of R.C. 2969.25 and 2969.26. R.C. 2969.25(A) provides, in relevant part:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.

{¶ 16} "Compliance with R.C. 2969.25 is mandatory and failure to comply subjects an inmate's action to dismissal." *Morris v. Franklin Cty. Court of Common Pleas,* 10th Dist. No. 05AP-596, 2005-Ohio-6306, ¶ 6, citing *State ex rel. Graham v. Findlay Mun. Court,* 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6; *State ex rel. Norris v. Giavasis,* 100 Ohio St.3d 371, 2003-Ohio-6609, ¶ 4, *reconsideration denied,* 101 Ohio St.3d 1471, 2004-Ohio-819; *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, ¶ 5. Appellants failed to file an R.C. 2969.25 affidavit setting forth the required information regarding their prior civil actions and appeals. Accordingly, dismissal of a complaint was

appropriate. *See Spencer v. Ohio Adult Parole Auth.*, 10th Dist. No. 09AP-143, 2009-Ohio-4656.

{¶ 17} With regard to R.C. 2969.26, in *Hamilton v. Wilkinson,* 10th Dist. No. 04AP-502, 2004-Ohio-6982, we stated:

> R.C. 2969.26(A) requires that the prisoner *shall* file: (1) an affidavit stating that the grievance was filed and the date the prisoner received a decision on the grievance, and (2) a copy of that written decision. Compliance with R.C. 2969.26(A) is mandatory. Failure to follow the mandates of R.C. 2969.26(A) warrants a dismissal of the prisoner's action.

*Id.* ¶ 12. (Emphasis sic.)(Citations omitted.)

{¶ 18} Although appellants attempted to comply with the statute by filing statements with their complaint setting forth the efforts they made to obtain administrative relief, those statements are unsworn. Thus, dismissal of the complaint was appropriate. *Id.*

{¶ 19} Based upon the foregoing, we find that the trial court did not err when it dismissed appellants' complaint against Judge Nau and Clerk Starr due to appellants' failure to satisfy the requirements of R.C. 2969.25 and 2969.26. Accordingly, appellants' second assignment of error is overruled.

{¶ 20} In appellants' third assignment of error, appellants allege that the Franklin County Clerk of Courts erroneously billed each of them for the total costs of the action. Appellants' claim that, as a result of the Clerk's actions, the correctional institution will credit their inmate accounts for the entire amount of such costs.

{¶ 21} To the extent that appellants' assignment of error challenges the trial court's assessment of costs, we note that "[i]n Ohio, court costs are required to be taxed against the unsuccessful party." *Wills v. Union Savings & Trust Co*, 11th Dist. No. 3155, (June 24, 1983); Civ.R. 54. Thus, the trial court did not err in assessing court costs against appellants. To the extent that appellants seek an order from this court enjoining the Franklin County Clerk of Courts for billing appellants for the assessed costs, we are without jurisdiction to issue such an order in the context of this appeal. *See* Article IV,

Section 3(B)(2), Ohio Constitution. Accordingly, appellants' third assignment of error is overruled.

### E. Conclusion

{¶ 22} Having overruled appellants' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

————————————